THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* WILLIAM J. MCCORMICK, Respondent.

Argued December 5, 1951; decided January 17, 1952.

*Frank S. Hogan, District Attorney (Richard G. Denzer* and *Chester E. Kleinberg* of counsel), for appellant. The cross-examination of defendant was proper. (*People* v. *Sorge,* 301 N. Y. 198; *People* v. *Jones,* 297 N. Y. 459; *People* v. *Webster,* 139 N. Y. 73; *People* v. *Rosenthal,* 289 N. Y. 482; *People* v. *Perry,* 277 N. Y. 460; *People* v. *De Garmo,* 179 N. Y. 130.)

*Elliott E. Vose, Florence M. Kelley* and *Martin Erdmann* for respondent. I. The cross-examination was wholly collateral to the issues. II. It was error to permit the District Attorney to

contradict defendant's denials of collateral crimes by reading a purported confession which defendant denied making. (*Potter v. Browne,* 197 N. Y. 288; *People v. Brown,* 265 App. Div. 153, 290 N. Y. 830; *People v. Malkin,* 250 N. Y. 185.)

*Per Curiam.* While the rule is clear that cross-examination upon collateral matters may not be fobbed off by a negative response (see *People v. Sorge,* 301 N. Y. 198), that rule does not sanction either " the calling of other witnesses or * * * the production of extrinsic evidence " to refute the witness' answer on such collateral items (p. 201). In the case before us, confronting defendant with a written statement, purportedly made by him, and reading from it considerable inculpatory material tending to refute his earlier denials, not only rendered such denials futile but amounted to the production of extrinsic evidence within the meaning of the rule here involved. In short, the cross-examination complained of exceeded all permissible limits.

The order should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order affirmed.