■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK D'AGOSTINO, Appellant.— Appeal (1) from a judgment of the County Court, Queens County, convicting appellant after trial of robbery in the first degree, grand larceny in the first degree, and assault in the second degree, and sentencing him to serve from 10 to 20 years, and (2) from said sentence. Judgment reversed on the law and the facts and a new trial ordered. The prosecutor improperly used extrinsic evidence to discredit the denial, by appellant's codefendant, that he had participated in other crimes, in which crimes the jury might have been led to believe appellant was implicated, and referred in his summation to matter which the jury could not properly consider in its deliberations. In our opinion this deprived appellant of a fair trial (*People v. Ochs*, 3 N Y 2d 54; *People v. McCormick*, 303 N. Y. 403; *People v. Malkin*, 250 N. Y. 185; *People v. Lombard*, 4 A D 2d 666). No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PINCUS DAVIS, Appellant.— Appeal (1) from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant of violating subdivision 5-a of section 70 of the Vehicle and Traffic Law (leaving scene of accident without reporting) and (2) from the sentence imposed. Judgment unanimously affirmed. No opinion. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL J. MANCINI, Appellant.— Appeal (1) from a judgment of the County Court, Queens County, convicting appellant after trial of robbery in the first degree, grand larceny in the first degree, and assault in the second degree, and sentencing him to serve from 15 to 20 years concurrently with a sentence imposed on the same day for another crime, and (2) from said sentence. Judgment reversed on the law and the facts and a new trial ordered. The prosecutor improperly used extrinsic evidence to discredit appellant's denial that he had participated in other crimes, and referred in his summation to matter which the jury could not properly consider in its deliberations. In our opinion this deprived appellant of a fair trial (*People v. Ochs*, 3 N Y 2d 54; *People v. McCormick*, 303 N. Y. 403; *People v. Malkin*, 250 N. Y. 185; *People v. Lombard*, 4 A D 2d 666). No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.