■ In the Matter of the Accounting of ESTELLE DISHER, as Administratrix of the Estate of SAMUEL DISHER, Deceased, Appellant. SAMUEL J. JACKMAN, as Special Guardian of Infant, IRIS S. DISHER, et al., Respondents. — Decree and order unanimously affirmed, without costs. No opinion. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE FLUSS, Appellant.— Judgment unanimously reversed upon the law and upon the facts and the information dismissed and the fine remitted. The evidence is insufficient to establish beyond a reasonable doubt that the defendant suffered or permitted the premises to become disorderly. In order to find one guilty of such charge it must be found that the defendant "knowingly allowed such things to occur and to continue". (*Matter of Stanwood United* v. *O'Connell*, 283 App. Div. 79, 82.) Such a finding "would have to be bottomed upon a showing either of more than a single event or the showing of a demonstrated attitude toward that happening which indicated acquiescence". (*Matter of Stanwood United* v. *O'Connell, supra.*) There is insufficient evidence here to establish either the requisite other events or acquiescence or that the defendant was even aware of the acts complained of. Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LUIS PEDRO ORTIZ, Appellant.— Judgment of conviction unanimously reversed on the law and on the facts, the information dismissed and the fine remitted. This is an appeal from a judgment of conviction convicting defendant after trial of a violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. The proof does not establish the guilt of the defendant beyond a reasonable doubt. Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL DUNCAN, Appellant.— Judgment unanimously reversed on the law and a new trial ordered. In our opinion the prosecutor, in the cross-examination of defendant upon alleged collateral acts of misconduct, so exceeded the bounds of propriety as to deprive appellant of a fair trial. (See *People* v. *McCormick*, 303 N. Y. 403; *People* v. *Carborano*, 301 N. Y. 39; *People* v. *Malkin*, 250 N. Y. 185; *People* v. *Lombard*, 4 A D 2d 666.) While the proof is sufficient to support the verdict, we think the error was so substantial and highly prejudicial that we may not overlook it under section 542 of the Code of Criminal Procedure. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.