■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ROSS, Appellant, et al., Defendant.—

The People concede that many of the statements and remarks on the part of the Assistant District Attorney upon the trial were unwarranted and unnecessary. It appears on the record here, that the prosecutor, by certain irrelevant and prejudicial questions to witnesses and certain improper and prejudicial comment in summation, prejudiced the appellant in the eyes of the jury. We have said "We reiterate that it is as much the function of the prosecutor as it is of the court to assure a fair trial to a defendant. 'Even in cases of clearest guilt * * * it is the duty of the district attorney to refrain from over-zealous advocacy' (*People* v. *Slover*, 232 N. Y. 264, 267). While vigorous presentation and prosecution by an Assistant District Attorney is commendable, there is a marked difference between

such zeal and conduct depriving a defendant of a fair trial." (*People* v. *Alvarez*, 4 A D 2d 45, 46.) We have further said, "The District Attorney is an advocate, but, at the same time, he is a quasi-judicial official (*People* v. *Fielding*, 158 N. Y. 542) and his primary duty is to see that justice is done and the rights of all — defendants included — are safeguarded. There is a positive obligation on his part to see that a trial is fairly conducted (*Berger* v. *United States*, 295 U. S. 78). He should be as zealous in protecting the record against reversible error as he is to present his case as forcefully as possible. While allowed the widest latitude by way of comment, denunciation or appeal in advocating his cause, this does not give him any warrant to introduce into his summation matter which the jury has no right to consider in determining the guilt or innocence of the defendant (*People* v. *Fielding*, *supra*, p. 555). (Generally, see 32 N. Y. U. Law Rev. 607; 54 Col. L. Rev. 946.) " (*People* v. *Lombard*, 4 A D 2d 666, 671.) It is true that the appellant by virtue of the questioning of witnesses by his counsel and his taking of the stand, may be said to have opened the door to certain of the prosecutor's questions and statement complained of. But there was no justification here for the prosecutor's repeated references to appellant's alleged bodyguard and to the use of Cadillacs, thereby attempting to label him as a big-time racketeer; for the prosecutor's implication by his questions and statements in summation that appellant had important connections in the narcotics racket; for the prosecutor's questions inferring that on a particular prior occasion appellant had been found to be in possession of 2 pounds, 2 ounces and 63 grains of heroin, the specification by the prosecutor of the exact amount of the heroin lending credence to his statement; in the prosecutor's going into the details with respect to appellant's sentence, prison term and parole in connection with his prior conviction of the misdemeanor for possessing a pistol; and in the prosecutor's urging, in his summation, support for his case on the basis of his own integrity and position. We cannot condone such practices on the part of the prosecutor. In our opinion, defendant was deprived of a fair trial. There was, by reason of the testimony of the appellant and the codefendant, a sharp issue as to his guilt. On the record here, we may not affirm the conviction by virtue of the provisions of section 542 of the Code of Criminal Procedure. Concur — Botein, P. J., Breitel, Rabin, Stevens and Eager, JJ.