■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCISCO TORRES, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 30, 1965, convicting him of robbery in the first degree and related crimes, upon a jury verdict, and imposing sentence. Action remitted to the Criminal Term for the sole purpose of holding a hearing in accordance with the memorandum herewith and making a determination thereon. Pending such determination, the appeal will be held in abeyance. At the trial of appellant and another in September, 1965, for robbery in the first degree 'and other crimes, appellant testified, on direct examination, that he was present in Kings County at the scene and at the time of the alleged robbery. On cross-examination by the People, and over appellant's objection that he had not received the notice prescribed by section 813-f of the Code of Criminal Procedure, appellant admitted in substance that, in a statement made by him to the People at the time of his arrest, he had said that he had not been at the scene of the robbery at the time of the crime or that he had been in Bronx County at that time. The People say that section 813-f does not apply to the People's impeaching use of a false exculpatory statement. In our opinion, the People cannot thus circumvent the constitutional compulsion of *Jackson* v. *Denno* (378 U. S. 368) and the procedure mandated by *People* v. *Huntley* (15 N Y 2d 72), for a false exculpatory statement, usable against a defendant as an implied admission of his awareness of his guilt, may be made involuntarily (see *People* v. *Schwartz,* 30 A D 2d 385). Hence, though we otherwise would affirm the judgment, we are constrained to remit this action for the holding of a *Huntley* hearing concerning the question and answer statement obtained from appellant by an Assistant District Attorney shortly after appellant's arrest. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.