■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PEDRO GUILLONT, Appellant.— Judgment entered January 4, 1971, in Bronx County, after jury trial reversed on the law and in the interests of justice and a new trial directed. Defendant and others were jointly indicted charged with the crimes of murder, attempted murder and assault. At the trial defendant testified in his own behalf. On direct examination in response to a question from defense counsel as to when was the last time defendant had a conversation with the Assistant District Attorney, Mr. Scheer, the following was the answer given: " I think about three months ago that I write the letter to him, to explain something; and you were present in that conversation; and I ask him, to Mr. Scheer, that why he do that with me, he charge me with that, when he know that I don't kill nobody, and he know that he only have lies and perjury in the case. He told me exactly that was, that he don't care about perjury and about lies, that he only care about convictions." The witness testified that only he, the Assistant District Attorney and Mr. Rossbach, defendant's counsel, were present at the time. After cross-examination of defendant the defendant rested his case. Thereupon, on rebuttal, the People called defense counsel, Mr. Rossbach, to the stand. After questions which pointed up the reputation of counsel as of the highest, counsel's attention was directed to defendant's statement that Mr. Scheer " said to him that I'm not interested in lies but convictions ", and asked, " Did I ever say that to him in your presence? " The answer was " Never. I never heard you say that." The following occurred: " The Defendant: Why did you lie too? Mr. Rossbach: Keep quiet. I don't want to argue with you. I tell you now be quiet." In summation the People adverted to the testimony of defense counsel " who we have a great deal of respect for ", as against defendant, " the type of man, and I'm pointing to the defendant, who has no regard for the truth." A brief reference to the Rossbach statement was included in the charge. After the verdict defense counsel stated to the Court " I took the stand with absolutely no urging from Mr. Scheer. In fact, I think I might say I volunteered to Mr. Scheer that I would take the stand." On appeal defendant asserts he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment when his counsel at his trial took the stand as rebuttal witness for the People. The defendant's testimony as to the alleged conversation with the prosecutor was a collateral fact not particularly germane to or probative of the basic issues in the case. To call defense counsel to refute or disprove a collateral fact was not warranted (see, generally, 3A Wigmore, Evidence § 1001 et seq.; Richardson, Evidence [8th ed.], § 503; People v. McCormick, 303 N. Y. 403). The calling or volunteering of defense counsel as a witness who, in effect, branded his client a liar, could only result in the jury's disparagement, if not total rejection, of his client's testimony. Nor was such testimony essential to the People's case or of probative value on the underlying issue of guilt or innocence of the crimes charged. It is concluded that defendant was by such act on the part of his counsel deprived of the effective assistance of counsel at a critical stage of the proceeding (see People v. Kennedy, 22 N Y 2d 280; People v. Driscoll, 30 A D 2d 793). Concur — Stevens, P. J., Kupferman, Murphy and Tilzer, JJ.; McNally, J., dissents and votes to affirm.