■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IRA W. RAMSEY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 3, 1971, convicting him of two counts of grand larceny in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. In our opinion, the trial court failed to charge the jury adequately and correctly. Appellant's defense consisted of

alibi evidence, yet, in marshalling the testimony of appellant's chief alibi witness, the court merely mentioned that part of his testimony which was beneficial to the People. The trial court's marshalling of the testimony of appellant's other witnesses also dwelled on that aspect most favorable to the prosecution's case. In reality, the charge consisted of merely presenting the People's views, and the court's failure generally to analyze the evidence so as to present fairly to the jury the conflicting claims of the People and appellant deprived appellant of a fair trial (*People* v. *Jackson,* 39 A D 2d 557). The interests of justice mandate a new trial even though no exception was taken to the charge (*People* v. *Curatolo,* 7 A D 2d 996). It is our further opinion that the Trial Judge, by his conduct in this case, may have conveyed to the jury that he was of the opinion that appellant was guilty. The court's patent antagonism towards appellant and his witnesses, the improper curtailment of the cross-examination of prosecution witnesses and the court's assumption of the prosecutor's role in his cross-examination of appellant and his witnesses all served to deprive appellant of a fair trial (*People* v. *Landy,* 38 A D 2d 962; *People* v. *Prager,* 30 A D 2d 848). Additionally, it was error for the arresting detective to testify that the complaining witness came to the station house and identified appellant. The bolstering of identification testimony through testimony by third parties of prior identification is improper (*People* v. *Christman,* 23 N Y 2d 429, 433; *People* v. *Malloy,* 22 N Y 2d 559, 567; *People* v. *Caserta,* 19 N Y 2d 18, 21; *People* v. *Cioffi,* 1 N Y 2d 70, 73; *People* v. *Trowbridge,* 305 N. Y. 471, 478). There was also error in the court's treatment of the jury's request to have certain testimony read back to them. Defense counsel had been allowed to leave the courtroom to make an appearance before another Judge, while the jury deliberated. The jury requested that certain testimony be read to them. Attempts to locate defense counsel were to no avail and the court did not reply to the jury's request. After defense counsel returned, the jury came in with its verdict of guilty. Only after the jury reported that it had a verdict did the court inform defense counsel of the jury's prior request. In our opinion, this was error. The court could have had the requested testimony read to the jury after failing to locate defense counsel (*People* v. *Merrill,* 286 App. Div. 307) or it could have delayed the rendering of the verdict until after the testimony was read, even though the jury had announced that it had arrived at a verdict (*People* v. *Logan,* 25 N Y 2d 184). Defense counsel should have been informed of the jury's request before the jury was allowed to render its verdict. Failure to do so was extremely prejudicial to appellant. Finally, we note that it was error to exclude from evidence a photograph of appellant taken 12 days after the alleged crime. The complaining witness testified that appellant was clean-shaven on the date of the crime. The photograph allegedly showed appellant with a full beard and mustache. We do not think that the lapse of 12 days between the time of the crime and the time the photograph was taken was of sufficient duration to preclude admissibility of the photograph. Whether appellant could possibly have grown a beard to the extent indicated on the photograph and still have been clean-shaven 12 days previously was a question of fact to be determined by the jury. The photograph should have been admitted and the jury should have been left to determine the degree of weight to be accorded it (see 2 Wigmore, Evidence [3d ed.], § 437; Richardson, Evidence [8th ed.], § 198). Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.