█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NELSON MUNIZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 27, 1971, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and in the interest of justice, and new trial ordered. In our opinion, it was reversible error for the trial court to interrogate appellant as to whether he had made an exculpatory explanation to the arresting officer. The prosecutor in his summation referred to appellant's failure to offer such an explanation and the court referred to it in marshaling the evidence. Appellant was under no obligation to say anything to the arresting officer and no damaging inference can be drawn from his silence. The insistent inquiry by the court on this point, coupled with the references to it in the prosecutor's summation and in the court's charge to the jury, was the equivalent of instructing the jury that appellant's failure to offer an exculpatory explanation at the time of his arrest might be considered in determining his guilt or innocence. This was substantial error and requires a new trial (*People* v. *Christman,* 23 N Y 2d 429, 433). If the proper foundation is laid on the retrial, the admissions against penal interest should be received in evidence (*People* v. *Brown,* 26 N Y 2d 88, 94). We have considered the other arguments made by appellant and find them to be without merit. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LACY MURCHISON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 30, 1970, convicting him of robbery in the first degree and other crimes, upon a jury verdict, and sentencing him to concurrent indeterminate prison terms. Judgment reversed, on the law, to the extent of vacating the sentences and remanding the case to the Criminal Term for resentencing in conformity with sections 207 and 208 of the Mental Hygiene Law. At the trial and upon arraignment for judgment, defendant indicated that he was a narcotic addict. Nevertheless, the sentencing court did not order an examination as required by sections 207 and 208 of the Mental Hygiene Law and, hence, though we would otherwise affirm the judgment, it is reversed solely for the purpose of resentencing defendant in accordance with the statutorily mandated procedure (*People* v. *Crafton,* 31 N Y 2d 828; *People* v. *Batson,* 39 A D 2d 586; *People* v. *Sczerbaty,* 37 A D 2d 428). Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.