■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH JAMES FELCONE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 15, 1972, convicting him of criminal possession of stolen property in the first degree (Penal Law, § 165.50), and unauthorized use of a motor vehicle (Penal Law, § 165.05, subd. 1), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Both the above-mentioned statutes give the People the initial benefit of a presumption. Subdivision 1 of section 165.55 of the Penal Law provides: "A person who knowingly possesses stolen property is presumed to possess it with intent to benefit himself". In similar vein, subdivision 1 of section 165.05 of the Penal Law provides: "A person who engages in any such conduct without the consent of the owner is presumed to know that he does not have such consent". The presumptions, however, are rebuttable (*People* v. *McCaleb,* 25 N Y 2d 394). At the trial, the codefendant testified on his own behalf that the automobile in which he was arrested had been loaned to him by a friend whom the witness knew as "Donny" and whom the witness had met in a neighborhood tavern. When the codefendant asked for the keys and the vehicle registration, "Donny" told him it was a rented car and that the papers were in the glove compartment. A mutual friend of defendant and the codefendant confirmed the story by testifying that she was a waitress in the tavern and had overheard "Donny" offer the use of the automobile to the codefendant. In charging the jury, the court noted the presump-

tion of knowledge of a person engaging in conduct proscribed by subdivision 1 of section 165.50 and subdivision 1 of 165.05 of the Penal Law. The court neglected to inform the jury, however, that the presumption is rebuttable and defendant contends this was error. We agree. " The rule is well established that when ' the rebuttal evidence presents an issue of credibility, it is for the jury to determine whether the rebuttal evidence is to be believed and, consequently, for the jury to determine whether the presumption has been destroyed '. (Richardson, Evidence [9th ed.], § 57, p. 35.) " (People v. Simmons, 32 N Y 2d 250, 252.) "There is an obvious danger inherent in charging the jury on the presumption without going further * * * The danger is particularly apparent in criminal cases and the court's omission cannot be dismissed as a mere procedural or technical issue concerning trial mechanics. Considering the posture of the proof in this case, there is serious doubt that the court gave the jury an opportunity to fully and fairly consider the evidence relevant to the appellants' guilt" (id., p. 253). Although defendant did not specifically request a further charge or take exception to the charge given, we may reverse in the interest of justice, regardless of exceptions or requests to charge (People v. Kelly, 12 N Y 2d 248). Hence, in our opinion, the failure to inform the jury that the presumption was rebuttable must be considered a fatal defect requiring reversal of the conviction. Additionally, we find merit in defendant's contention that prejudicial error was committed by the prosecutor's persistent questioning of the arresting officer, on rebuttal, as to whether defendant or his codefendant had informed the officer after the arrest and at subsequent court appearances of their explanation for possession of the car. The prosecutor posed the following question, and repeated it in similar language: "When you placed the two defendants under arrest [on September 10, 1971 and on subsequent court appearances] did [the codefendant] ever tell you that the 1971 Oldsmobile was given to him by a person named Donny at the Cropsey Lounge?" Defense counsel's objections to this series of questions were overruled. Defendant argues that the prosecutor's purpose can be viewed as an attempt to have the jury draw an inference of guilt from defendant's failure to exculpate himself. We agree. Defendant was under no obligation, when questioned after arrest, to say anything or to lay out an alibi (People v. Travato, 309 N. Y. 382; People v. Bianculli, 9 N Y 2d 468; People v. Christman, 23 N Y 2d 429). The error was substantial and a new trial is required. Gulotta, P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.