■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUMPHREY PEREZ, Appellant.— Appeal from a judgment of the County Court of Otsego County, rendered June 19, 1972, upon a verdict convicting defendant of the crime of manslaughter in the first degree. Defendant was indicted for the crime of murder, arising out of the fatal beating of one Jesse Seehof in October, 1971. At his trial, he took the stand in his own behalf and by his testimony made his credibility a central issue of the case. Thus, he admitted to his presence in the deceased's residence, but claimed that the deceased attacked him with a piece of wood. He further testified that he managed to wrest the weapon from his assailant, who nonetheless momentarily prevented his departing from the scene. To effectuate his escape, he stated that he finally struck the deceased with the piece of wood and fled, the deceased at the time being alive and screaming obscenities at him. Obviously disbelieving a significant portion of this testimony, the jury returned a verdict of guilty. On this appeal, defendant assigns numerous errors, only two of which relating to prosecutorial attacks on the defendant's credibility merit individual discussion. We find initially that it was clearly erroneous for the trial court to permit the prosecutor to cross-examine defendant concerning such military offenses as being A. W. O. L. and using disrespectful language to a superior officer. It has been specifically held that being A. W. O. L. is not, per se, proof of acts tending to discredit a defendant who takes the stand (*People* v. *Flynn*, 275 App. Div. 350) and such offenses as these are manifestly not "immoral, vicious or criminal acts"

bearing on defendant's credibility, which are properly a subject of cross-examination (*People* v. *Kass*, 25 N Y 2d 123, 125). Upon defendant's denial of each and every one of these alleged offenses, the trial court compounded its initial error by permitting the prosecutor to confront defendant with a statement, purportedly made by him, and to read from said statement " considerable inculpatory material tending to refute his earlier denials " (*People* v. *McCormick*, 303 N. Y. 403, 404). This cross-examination not only rendered the denials futile but amounted to the production of extrinsic evidence to refute defendant's answers on collateral items. As such, it " exceeded all permissible limits " (*People* v. *McCormick, supra*, p. 404; *People* v. *Duncan*, 13 N Y 2d 37) and demands reversal. While we do not pass upon the remainder of defendant's contentions, many of which are without merit or deal with error that was harmless or not preserved for this appeal, nevertheless, we would note that an examination of the record in this case reveals many instances where the participants allowed themselves to be unduly swayed by their emotions and permitted personal feelings to supersede the interests of justice and an orderly trial. Upon a new trial, we assume that such disruptive conduct will be studiously avoided and that the proceedings will go forward in a manner consistent with appropriate courtroom procedure. Judgment reversed, on the law, and a new trial ordered. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.