◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CHMARZEWSKI and THOMAS McBRIDE, Appellants.—Appeal by defendants from two judgments of the Supreme Court, Queens County, (1) the first, as against Thomas McBride, was rendered December 17, 1974 and convicted him of attempted murder, assault in the first degree and possession of a weapon and dangerous instrument and appliance, as a misdemeanor, upon a jury verdict, and imposed sentence; (2) the second, as against Richard Chmarzewski, was rendered January 8, 1975 and convicted him of assault in the first degree and possession of a weapon and dangerous instrument and appliance, as a misdemeanor, upon a jury verdict, and imposed sentence. Judgments reversed, on the law and as a matter of discretion in the interest

of justice, new separate trials ordered; the first count of the indictment is dismissed. By indictment handed down April 19, 1974, both defendants were jointly charged by a Queens County Grand Jury with the commission of the crimes of attempted murder, robbery in the first and second degrees, assault in the first degree and possession of a weapon and dangerous instrument and appliance, as a misdemeanor, in that on April 4, 1974, both defendants, acting in concert with the intent to cause the death of, and/or serious physical injury to, the complainant, severely beat him with a wrench, causing him serious physical injury. At the outset of the trial, following the selection and acceptance of one particular juror by both the People and defense counsel, and the swearing in of that juror, the trial court, on the basis of an unrecorded, undisclosed conversation between that juror and McBride's attorney, permitted the People to exercise a peremptory challenge to that juror over the objection of both defense attorneys. We think this constituted gross error; for this reason alone, both defendants are entitled to new trials (see *People v Williams,* 26 NY2d 62, 63–64). Additional errors were committed at the trial. At the defendants' joint trial, McBride maintained that although he had been in the company of the complainant and of his codefendant on the evening in question, he had not had anything to do with the assault upon the complainant and knew nothing about it. On his cross-examination the Assistant District Attorney elicited testimony that when he (McBride) had been arrested, he had kept silent and neither inculpated nor exculpated himself during police interrogation. Defendant Chmarzewski also testified on his own behalf. While he also admitted that he had been with the complainant and McBride on the night in question, his explanation of the events which had transpired was different than that of his codefendant. While he denied that there had been any intent on his part to injure the complainant, or that he and McBride had acted in concert to effect some criminal purpose, he did admit to having punched the complainant. At first, Chmarzewski testified that while he had been attempting to start the complainant's automobile for him from under the hood, he heard a noise, looked up and saw the complainant fighting with someone in the car; that he did not know who the other person was; that he went to the complainant's aid; and that when he did so, the complainant began to fight with him and that, as a result, he punched the complainant several times in order to allay the attack being perpetrated upon him by the complainant. Upon cross-examination, however, and upon being confronted with certain Grand Jury testimony, this defendant confirmed police testimony already in the record to the effect that the man with whom the complainant had been fighting, and who Chmarzewski saw hit the complainant with a wrench, was his codefendant, McBride, and that he had in fact told this to one of the investigating police officers. Throughout the trial, and particularly during the testimony given by Chmarzewski, counsel for McBride had moved for a severance and for a mistrial on various stated grounds, all having the common denominator of extreme prejudice accruing to McBride as a result of the joint trial. By questioning defendant McBride as to his failure to exculpate himself during his interrogation by the police, as he had done during his trial testimony, the Assistant District Attorney improperly pointed out to the jury the fact that McBride had maintained his silence during the critical early stages of this prosecution. Since McBride was under no duty to say anything to the police at that time, and indeed had the constitutionally protected right to maintain his silence, the prosecutor's apparent attempt to cast doubt upon his testimony for this reason was highly improper and prejudicial (see *People v Felcone,* 43 AD2d 976; *People*

*v Muniz,* 40 AD2d 985). The effect of this impropriety, which was permitted over objection, was heightened when, during summation, counsel for Chmarzewski, in accordance with his trial strategy, pointed out that his client had voluntarily co-operated with the police during their investigation, that he had in fact exculpated himself when he had been arrested and had adhered to his story throughout, and that, for these reasons, he was obviously telling the truth. While Chmarzewski's attorney's statement was not improper, we believe that it prejudiced McBride with regard to his exercise of a constitutional right. The record on appeal is totally devoid of any evidence which would establish beyond a reasonable doubt either that defendant McBride sought to murder the complainant at the time he struck him or that at the time of the commission of the alleged crimes, either he or Chmarzewski possessed any intent other than to render the complainant unconscious and to rob him. Accordingly, the first count of the indictment, which charges attempted murder, must be dismissed. At the close of the trial, counsel for Chmarzewski requested that the trial court instruct the jury as to the lesser included degrees of the crime of assault in the first degree. This request was denied. Such denial was also error. If the jury believed Chmarzewski's version of the events of the night in question (as it appears to have done, at least to some extent, by virtue of the fact that it found only McBride guilty of attempted murder, while acquitting Chmarzewski of that crime), it might also have found that Chmarzewski's intention was not to inflict a serious degree of harm upon the complainant and that he had not acted in concert with McBride towards such an end. The request to charge should therefore have been granted (CPL 300.50). This is important since, upon Chmarzewski's retrial, the highest crime charged will be assault in the first degree. Should the jury believe that his culpability is less than that of his codefendant, as it may, the absence of such a charge at the new trial may result in injustice. Rabin, Acting P. J., Hopkins, Martuscello and Shapiro, JJ., concur; Christ, J., dissents and votes to modify the judgment as against defendant McBride by reversing his conviction of attempted murder, and the sentence imposed thereon, and dismissing the said count, and otherwise votes to affirm the judgments. The record on appeal is devoid of any evidence which would establish beyond a reasonable doubt that defendant McBride sought to murder the complainant at the time he struck him or that at the time of the commission of the crimes charged either he or his accomplice—the codefendant—possessed any intent other than to render the complainant unconscious and to rob him. Accordingly, that portion of the judgment appealed from which convicts and sentences defendant McBride for the crime of attempted murder may not stand. This was a vicious assault and, in my opinion, the guilt of the defendants was established beyond a reasonable doubt as to the remaining counts in the verdict.