■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMENIC T. TORRE, Appellant.—Judgment of the Supreme Court, Richmond County, rendered June 11, 1974, affirmed (see CPL 470.05, subd 1). Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE VISCONTI, Appellant.—Judgment of the Supreme Court, Richmond County, rendered September 9, 1971, upon resentence, affirmed (see *People v Francis,* 38 NY2d 150, 155-156; *People v Clairborne,* 29 NY2d 950). Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDERSON WORRELL, Also Known as CLARENCE WILLIAMS, Also Known as OMAR ABDUL HAKEEM, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 12, 1975, convicting him of attempted murder, attempted robbery in the first degree and attempted rape in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. During cross-examination of defendant, the prosecutor inquired about a rape indictment in Manhattan. Although the words "rape" and "indictment" were never mentioned, a reference was made to a fight with a prostitute. When defendant denied that he had had a certain conversation in connection with that incident, the prosecutor read an excerpt from court proceedings involving the other indictment which clearly showed that defendant was lying. A witness may be impeached upon cross-examination by showing that he has committed an immoral, vicious or criminal act which may affect his character and show him to be unworthy of belief, provided that the questions are asked in good faith and have a basis in fact (see *People v Kass,* 25 NY2d 123). If the witness denies the commission of such an act, the cross-examiner cannot refute his answer by producing other evidence (see Richardson on Evidence [Prince, 10th ed], § 498). In *People v McCormick* (303 NY 403, 404), the Court of Appeals stated: "In the case before us, confronting defendant with a written statement, purportedly made by him, and reading from it considerable inculpatory material tending to refute his earlier denials, not only rendered such denials futile but amounted to the production of extrinsic evidence within the meaning of the rule here involved." The reading in this case from the proceedings involving the other indictment falls equally within the prohibition announced in *McCormick.* Another basic error was the failure of the People to give notice to the defense of a statement made by defendant to the police shortly after his arrest, that he was in Brooklyn, New York, with his wife at the time of the crime. The prosecutor was aware that, at the trial, the defense would consist of testimony by alibi witnesses that defendant had been in Washington, D.C., at that time. The statement, although intended by defendant to be exculpatory, was nevertheless an admission which evinced a consciousness of guilt. Thus, defendant should have been accorded the constitutional and statutory safeguards against the use of a false exculpatory statement which may have been involuntarily given (see CPL 710.30; *People v Schwartz,* 30 AD2d 385; *People v Torres,* 32 AD2d 791). Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.