■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JOYNER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered March 15, 1976, convicting him of attempted burglary in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The prosecutor's questions to the arresting officer about appellant's refusal to answer questions at the time of his arrest, which questions were also put to the codefendant on cross-examination and were commented upon by the prosecutor in his summation, constituted reversible error (see *People v Felcone,* 43 AD2d 976; *People v Muniz,* 40 AD2d 985). Testimony by the arresting officer as to the prior identification of appellant and his codefendant by the witness Santos at the time of the arrest was also substantial error (see *People v Christman,* 23 NY2d 429, 433; *People v Ramsey,* 40 AD2d 837, 838). Once again, the prosecutor compounded the error by relating the officer's testimony of the identification by Santos in his summation. Although timely objection to the errors was not taken, we deem the errors to have been prejudicial to defendant's right to a fair trial and, in the interest of justice, the judgment should be reversed (see *People v Kelly,* 12 NY2d 248, 250). In light of our determination, we do not reach appellant's remaining contentions of error. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.