■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH J. AIELLO, JR., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 5, 1974, convicting him of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No issues have been raised with respect to the sufficiency of the facts. Defendant's conviction of criminal possession of stolen property arose out of the burglary of a clothing factory in Brooklyn in the early morning hours of April 30, 1972. The crucial testimony against defendant was supplied by three police officers who responded to a radio call advising them of a burglary of a factory. When they approached the scene, they observed defendant and another walking about 75 feet from the factory, carrying a bundle of clothing. As the officers approached, defendant threw the clothing in front of a truck. Defendant, testifying on his own behalf, admitted that he was in the area (but was merely walking with a friend) when he was arrested; that he never saw the clothes until the police retrieved them from underneath a truck; and that he had observed two youths walking in the very same area immediately prior to and simultane- ously with his arrest. Under these circumstances, defendant's fate rested with the jury; its function was to resolve the issue of credibility raised by the conflicting testimony of the police officers and the defendant. In this context, it is our view that the trial court committed reversible error in its charge and deprived defendant of a fair trial when it improperly instructed the jury on the crucial issue of credibility that, in evaluating the testimony of the three officers, it was to consider "the nature of their employment and their obligation under their oath as public servants." This instruction could only have misled the jurors into believing that the police officers, solely because of their position, were more worthy of belief than was the defend- ant. The People, with commendable candor, concede that a reversal and a new trial is mandated on this ground. In view of the concession of the People, we need not deal in depth with the other alleged errors which

defendant cites as grounds for reversal. Suffice it to say that the prosecutor erred in summation when he criticized defendant's testimony about observing two youths near the crime scene on the ground that defendant had not mentioned that fact to the police when he was arrested. This type of remark has been criticized by this court in the past (see *People v Joyner,* 54 AD2d 966; *People v Burnside,* 52 AD2d 626; *People v Muniz,* 40 AD2d 985). The prosecutor also erred in the manner in which he questioned the defendant about his participation in two crimes in 1969, one involving narcotics and one involving a burglary, and a 1971 incident involving stolen property, neither of which charge led to a conviction. The prosecutor improperly framed and phrased his questions in a manner to suggest that he had witnesses, specifically, several named policemen, who could refute defendant's denials of complicity in those acts (see *People v Fair,* 35 AD2d 519; cf. *People v Worrell,* 54 AD2d 768). Defendant also contends that he was denied his right to a speedy trial pursuant to CPL 30.30 and that the indictment must, therefore, be dismissed. In view of the fact that the felony complaint herein was dated April 30, 1972, CPL 30.20 governs (see CPL 1.20, subd 17) and, under the holding of the Court of Appeals in *People v Taranovich* (37 NY2d 442), defendant's argument must be rejected. Hopkins, J. P., Margett, Shapiro and Suozzi, JJ., concur.