■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. DICKERSON, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered May 24, 1978, convicting him of burglary in the first degree and menacing, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. We reverse the judgment for the following reasons: First: The prosecutor elicited the fact that the defendant's alibi witness had not reported to the police, or the District Attorney, the fact that the defendant had allegedly been with her during the time the crime was committed. Moreover, the prosecutor improperly referred to this during his summation. The foregoing conduct of the prosecutor constituted error (see People v Rivera, 70 AD2d 625; People v Altman, 63 AD2d 684; People v Mims, 59 AD2d 769; People v Hamlin, 58 AD2d 631). Second: The court failed to promptly give a specific instruction to the jury that "an alibi witness has no obligation to come forward and · contact the police or the District Attorney" (see People v Smoot, 59 AD2d 898, 899; see, also, People v Clark, 64 AD2d 669). Third: The trial court failed to further instruct the jury, during the charge, that it is to consider such testimony and to give it such weight, if any, on the issue of credibility, as it deems proper under the circumstances (see People v Clark, supra). Fourth: As conceded by the People, the prosecutor improperly attempted to impeach the alibi witness by use of an allegedly prior inconsistent statement made by a third party who was not a witness at trial. Fifth: The People were permitted to improperly bolster the identification testimony of the complaining witness, who was the sole witness to the incident. Thus, Detective Cassidy testified: "I advised the defendant that he was under arrest, that the little girl had made [sic] him in a lineup." This was clearly improper since the witness was able to identify the defendant at the trial (see People v Trowbridge, 305 NY 471; People v Joyner, 54 AD2d 966). Although timely objections to the foregoing errors were not taken, we deem the errors to have been prejudicial to defendant's right to a fair trial (see People v Kelly, 12 NY2d 248, 250; see, also, People v Joyner, supra). In a case where the guilt of the defendant was proven overwhelmingly, we might have found that these errors did not require reversal of the judgment. However, in the instant case, an alibi witness of good character placed the defendant about a mile from the scene of the crime. Moreover, a search of the defendant's home did not reveal any incriminating evidence, viz., the unusual mask allegedly worn by the intruder and the butcher knife which he wielded. Under all of the circumstances herein, and in the interest of justice, a new trial is required. We have considered the other points raised by the defendant and have found them to be without merit. Hopkins, J. P., Damiani, Titone and Suozzi, JJ., concur.