■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RIVERA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 23, 1976, convicting him of murder, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. During cross-examination of defendant's alibi witness, the prosecutor persisted in inquiring whether he ever went to the police or the District Attorney rather than

"keeping this [alibi] a big secret". Thereafter, in his summation, the prosecutor reiterated this line of questioning and emphasized to the jury that "this good friend [the alibi witness] is willing to have [defendant] languish for two years with a murder charge over his head and * * * never bothers to tell anybody". While marshaling the evidence, the trial court also adverted to the fact that the alibi witness did not notify the police of defendant's alleged innocence. We note that no timely objection or exception to these alleged errors was made by defendant's trial counsel. In the interest of justice, however, this court may, nevertheless, consider the defendant's claim that he was substantially prejudiced by these errors and that he did not receive a fair trial (see CPL 470.15; People v Kelly, 12 NY2d 248). The law is clear that an alibi witness has no obligation to come forward and contact the police or the District Attorney. Correspondingly, such silence by an alibi witness may not be used as a means of discrediting the witness either upon cross-examination or in the People's summation (see People v Hamlin, 58 AD2d 631; People v Smoot, 59 AD2d 898; People v Dickerson, 70 AD2d 623). We are mindful that not every violation of a defendant's constitutional rights at trial constitutes reversible error (see Chapman v California, 386 US 18, 24). However, in this case, where the primary objective of the prosecutor's cross-examination of the alibi witness consisted of unfair comment upon the witness' silence following the defendant's arrest, and this prejudicial testimony was relied upon extensively in the People's summation and summarized to the jury by the trial court, the error is clearly egregious. Moreover, a review of the testimony of the chief prosecution witness, who made the only personal identification of defendant, reveals myriad inconsistencies and contradictions between her Grand Jury testimony, trial testimony, and statements to the police. These facts lead this court to conclude that the evidence against defendant cannot be characterized as overwhelming. Accordingly, we hold that there was substantial prejudice to the rights of the defendant so as to deprive him of a fair trial (see People v Crimmins, 36 NY2d 230). Titone, J. P., Rabin, Shapiro and Mangano, JJ., concur; Martuscello, J., dissents and votes to affirm the judgment.