■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON GADS-DEN, Appellant. — Judgment of the Supreme Court, Bronx County, rendered November 27, 1979, convicting defendant of robbery in the first degree (Penal Law, § 160.15) and robbery in the second degree (Penal Law, § 160.10), and sentencing him to two concurrent indeterminate terms of from 4 to 12 years, unanimously reversed, on the law, and a new trial ordered. The conviction in this case rested upon a positive identification of defendant as one of the two persons who robbed a taxi driver at gunpoint, certain circumstantial evidence and a statement which might be considered an admission. Although there was sufficient evidence to support the jury's verdicts, the misconduct of the prosecutor and errors by the court combined to deny defendant a fair trial. The prosecutor unnecessarily brought to the attention of the jury the possibility that defendant was a member of a gang. This was accomplished by eliciting from a police officer, over objection by defense counsel, that when defendant was arrested by the officer, defendant was asked whether he "ran with" "the 69 gang". Despite defendant's denial of membership in the gang, the People claim that this reference was part of the *res gestae* of the conversation the officer had with defendant at the time of defendant's arrest. It was not part of the *res gestae* of the acts charged as the offense and had no relevance to the issues in the case. It can only be concluded that this testimony was deliberately elicited to prejudice defendant before the jury. *(People v Malkin,* 250 NY 185, 200; *People v Torres,* 72 AD2d 754; *People v Ross,* 14 AD2d 519.) The officer on cross-examination testified that the cab driver told him at the police precinct that during the robbery defendant called his accomplice "Mike". Defendant had an older brother "Mike", who was incarcerated in a State penal institution in 1977 and was still there at the time of the robbery. Disregarding a previous direction of the court precluding the prosecutor from asking any questions concerning the name of defendant's brother, the prosecutor proceeded to elicit from defendant's mother on cross-examination that the name of her older son was Michael. This testimony of defendant's mother, which the court allowed over objection by defense counsel, could not help but create an improper inference that defendant's brother was the accomplice and thus convince the jury that the taxi driver's identification of defendant as one of the perpetrators was correct. The court properly instructed the jury that defendant was an interested witness as a matter of law. However, it improperly charged, and defendant appropriately excepted to the statement, that in evaluating the testimony of an interested witness, "the testimony should be weighed more carefully and scrutinized more closely than that of a disinterested witness." The latter instruction had the effect of suggesting to the jury that defendant's testimony should be "singled out for special scrutiny" or at least was open to more question than that of an ordinary witness (see *People v Ochs,* 3 NY2d 54, 56; see, also, *People v Demery,* 60 AD2d 606, 607; *People v Winston,* 52 AD2d 432, 434-435). Further, in the context of this case, defendant validly excepted to the court's failure to charge that "Police witnesses should not be given any more or less credibility than anybody else." Such instruction would have dispelled any notion that, simply because of their official status, the police officers who testified could be more worthy of belief than defendant *(People v Aiello,* 58 AD2d 875). Concur — Kupferman, J. P., Birns, Sandler, Sullivan and Ross, JJ.