■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS BERMUDEZ, Appellant. — Judgment of the Supreme Court, New York County (Shorter, J.), rendered January 31, 1983, convicting defendant of sodomy in the first degree and sentencing him to an indeterminate term of imprisonment of 2 to 6 years, reversed, on the law, and the case is remanded for a new trial.

Defendant was convicted after a jury trial of sodomy in the first degree and sentenced to an indeterminate term of imprisonment of 2 to 6 years. The evidence seems to us legally sufficient to have supported the jury's verdict although a close question was presented as to the adequacy of the proof to establish forcible compulsion as that term was then defined in Penal Law § 130.00 (8). Given the marked discrepancy in age, size and strength between the defendant and the 11-year-old complainant, and the isolated circumstances under which the act of sodomy allegedly occurred, we are persuaded that the jury could reasonably have found that the forceful grabbing of the complainant by the defendant constituted "a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself" (Penal Law § 130.00 [8]; *cf. People v Fuller,* 50 NY2d 628; *People v Vicaretti,* 54 AD2d 236, 241, 242).

However, reversible error occurred when the court, over timely objection, charged the jury: "The testimony of a person convicted of a crime is to be approached with caution and can be disregarded unless it produces in your mind positive conviction of its truth." Although it is of course well established that the fact of a conviction is one that a jury may properly consider in

evaluating testimony of a witness, it is clearly wrong to say that the testimony of such a person "is to be approached with caution and can be disregarded unless it produces in your mind positive conviction of its truth." (*See, People v Gadsden,* 80 AD2d 508; *cf. People v Ochs,* 3 NY2d 54; 1 CJI [NY] 7.03, at 269-270.) Since the defendant was the only witness to testify who had a previous conviction, albeit a relatively minor one, the effect of the instruction was to direct the jury to apply to his testimony a separate, different and erroneous standard in evaluating his truthfulness. Under all the circumstances, we are unable to say that the error was a harmless one. Concur — Sandler, J. P., Asch and Bloom, JJ.

Milonas, J., dissents in a memorandum as follows: The trial court instructed the jury that the "testimony of a person convicted of a crime is to be approached with caution and can be disregarded unless it produces in your mind positive conviction of its truth." While this statement was unfortunate and should have been omitted, the charge, considered as a whole, was both fair and balanced. (*See, People v Leyva,* 38 NY2d 160, 170.) Following this charge, the court proceeded to advise the members of the jury that such an individual (namely, one who has been convicted of a crime) is a witness whose entire testimony must be examined as must all of the testimony in the case. Moreover, the court explained, his "method of life is but one of the factors which you may consider in determining whether to believe such a witness's testimony. It is your duty to determine whether that witness or any witness is to be believed in whole or in part or not at all. Whenever inconsistencies appear in the testimony of a witness, it is your duty to reconcile them, if you are honestly able to do so. You are not to reject arbitrarily the testimony of any witness. You should consider the testimony of every witness carefully and determine whether you will accept it or reject it in whole or in part."

Thus, any undue emphasis which may have been placed on the testimony of a person who has been convicted of a crime (that is, the defendant) as a result of the questionable sentence was attenuated by the court's remarks immediately thereafter when it directed the jury to carefully examine the testimony of every witness. The court did not, as was the situation in *People v Gadsden* (80 AD2d 508), suggest to the jury that the defendant's testimony be subjected to special scrutiny or was of less value than that of a disinterested witness. Consequently, I fail to perceive reversible error.