■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GARCIA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered January 2, 1985, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his conviction was based upon legally sufficient evidence. Viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620), it established that the defendant was observed by two police officers furtively exiting a vacant lot from which

gunshots had emanated only moments earlier. The defendant and a companion were then observed entering an apartment building, which was neither the defendant's home nor office, handling a pistol. Once inside, the defendant's companion took the gun and momentarily walked away. He returned without the gun, which was found moments later by police, perched on a ledge inside an incinerator chute. Ballistics testing established that this loaded revolver was fully operable. Clearly this evidence was legally sufficient to establish the defendant's guilt *(see,* Penal Law § 265.02 [4]; *People v Terry,* 117 AD2d 761, *lv denied* 67 NY2d 951). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Additionally, the court did not err in refusing to charge the jury on the law concerning innocent possession of a weapon as the evidence was "utterly at odds with any claim of innocent possession" *(People v Williams,* 50 NY2d 1043, 1045; *see, People v Atlas,* 114 AD2d 504).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.