■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered July 14, 1988, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On August 7, 1987, at approximately 4:00 P.M., two police officers, who were in an unmarked vehicle in the vicinity of Lafayette and Franklin Avenues in Brooklyn, observed the defendant display an automatic weapon to another individual, who was sitting on a motorcycle that had stopped alongside of the vehicle in which the defendant was a passenger. The officers attempted to approach; however, the vehicle in which the defendant was seated sped away. The officers pursued the car, which eventually came to a stop. The defendant and the driver of the vehicle exited the car and fled. The defendant was ultimately apprehended and the weapon, which he had tossed into the front of the car, was retrieved by the police.

Although the defendant, on appeal, challenges the credibility of the arresting officers, it is well settled that resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed

unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We further find that the trial court correctly instructed the jury with respect to the question of whether the police were "interested witnesses" *(see, People v Agosto,* 73 NY2d 963; *People v Simpson,* 99 AD2d 555; *People v Gadsden,* 80 AD2d 508).

We have examined the defendant's remaining contention and find it to be without merit. Thompson, J. P., Brown, Lawrence and Eiber, JJ., concur.