Jimmy JOHNS, Petitioner,

v.

Thomas COUGHLIN, Commissioner, New York State Department of Correctional Services, Respondent.

No. 90 C 2589.

United States District Court, E.D. New York.

Nov. 7, 1990.

Malvina Nathanson, New York City, for petitioner.

Charles J. Hynes, Kings County Dist. Atty., Brooklyn, N.Y. (Victor Barall, of counsel), for respondent.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he received ineffective assistance of his appointed appellate counsel in violation of his Sixth Amendment rights.

Petitioner was convicted in the Supreme Court of the State of New York, Kings County, of burglary in the second degree, petit larceny, and criminal possession of stolen property in the third degree. On February 22, 1984, the court sentenced him as a persistent felony offender to a term of nine years to life on the burglary count and to concurrent terms of one year on the other counts.

Petitioner appealed his conviction to the Supreme Court of the State of New York, Appellate Division, Second Department. His appointed appellate counsel filed a skimpy nine page "Anders" brief, asserting that there were no issues which would "merit reversal" and stating that petitioner had requested new counsel.

On May 27, 1986, the Appellate Division affirmed the judgment of conviction and granted appellate counsel's application for leave to withdraw, stating simply that after review of the record the court agreed with assigned counsel that "there are no meritorious issues which could be raised on appeal." *People v. Johns,* 120 A.D.2d 747, 502 N.Y.S.2d 663 (2nd Dept.1986).

The Appellate Division thereafter denied petitioner's motion for a writ of error coram nobis to vacate the order affirming the conviction and thereafter again denied the motion on reargument.

The Fourteenth Amendment guarantees a criminal appellant the right to counsel on a direct appeal from a conviction. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). This right may not be denied because appellate counsel asserts that the appeal lacks merit. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In *Anders* the Court recognized that counsel need not make frivolous arguments on appeal. But counsel may not decline to advocate reversal unless counsel advises the court that a "conscientious examination" of the record reveals that the appeal is "wholly frivolous." Counsel must submit a brief "referring to anything in the record that might arguably support the appeal". If the appellate court then makes its own determination that the appeal is "frivolous", it may affirm although appellant is without counsel. *Id.* at 744, 87 S.Ct. at 1400.

In this case appellate counsel did not meet the standards of *Anders.* Nor did the Appellate Division. Counsel's brief gave a one and a half page summary of the prosecution case, listed eight "questions presented," disposed of each with a short statement of why the argument was unlikely to succeed, and concluded by saying not that counsel deemed the appeal "frivolous" but rather that he was "unaware of any-

thing that would merit reversal of this conviction."

The Appellate Division made no finding of frivolity but stated only that "there are no meritorious issues which could have been raised on appeal." *People v. Johns*, 120 A.D.2d 747, 502 N.Y.S.2d 663 (2nd Dept.1986).

There is a significant difference between finding an appeal unlikely to succeed and finding it frivolous. The Supreme Court made this distinction in *Anders*, granting appellant relief because counsel's statement to the state court was merely that the appeal had "no merit" and the court made no finding of frivolity. 386 U.S. at 743, 87 S.Ct. at 1399.

On its face, petitioner's appeal was not frivolous. The prosecutor had a strong case at trial. An eyewitness identified petitioner at the window of the burgled residence and later apprehended petitioner with property belonging to the owner of the apartment. But at least one of the "questions" listed by counsel in his *Anders* brief deserved serious consideration.

The trial court admitted in evidence, over trial counsel's objection, a screwdriver found by the eyewitness in weeds near the burgled residence a few days after petitioner's arrest. The prosecution argued that the jury could infer that marks found on the window of the residence were made by petitioner with the screwdriver.

Even appellate counsel agreed that the screwdriver should have been excluded, citing a "problem" with the chain of custody, a lack of proof that the burglar had used the screwdriver, and the failure of the eyewitness to see any tools. But counsel did not see fit to argue the point noting that he was "aware of the concept of harmless error which might be appropriate to this issue."

■ To say that error "might" be harmless is not to make the certification of frivolity that *Anders* requires. Moreover, under New York law the appellate court must analyze carefully the whole record in deciding whether an error is harmless, *see People v. Crimmins*, 36 N.Y.2d 230, 367 N.Y.S.2d 213, 222, 326 N.E.2d 787, 794 (1975). Appeals requiring such analysis are unlikely to be so frivolous that counsel is superfluous to the judicial task.

■ Other facts of record suggest that the error was not harmless. The eyewitness identification of petitioner at the window of the residence was inconsistent in some respects. The testimony as to the screwdriver may well have persuaded the jury as to the burglary count, which required a finding of an entry. Finally the jury apparently had some trouble with the burglary count. They asked and received from the court a fuller explanation of the "entry" required for that count. They also asked to have the eyewitness' entire testimony reread.

In addition, counsel for the petitioner here raises nonfrivolous arguments not even mentioned by appellate counsel.

Petitioner's common-law wife, the sole defense witness at trial, testified that she worked in the area of the burglary and that petitioner was supposed to meet her there at the time of his arrest. Over objection of defense counsel the prosecutor cross-examined this witness as to an address given by petitioner as that of the witness, saying "so if the defendant gave 87 Vanderbilt as your address on July 6, that would be incorrect?" Petitioner did not testify and his credibility was not in issue. Under New York law, it was error to allow this question. *See People v. Dickerson*, 70 A.D.2d 623, 416 N.Y.S.2d 622, 623 (2nd Dept.1979); *People v. Schwartzman*, 24 N.Y.2d 241, 299 N.Y.S.2d 817, 821, 247 N.E.2d 642, 644 (1969)

In addition, the prosecutor made remarks during her summation which the State has now admitted were improper. She characterized a criminal trial as a search for truth and "not a search for doubt" and vouched for her own case. New York courts have strongly disapproved of such conduct. *See, e.g., People v. La Rosa*, 112 A.D.2d 954, 492 N.Y.S.2d 633, 635 (2nd Dept.1985), *People v. Robinson*, 83 A.D.2d 887, 442 N.Y.S.2d 119 (2d Dept.1981). Trial counsel did not object to these remarks. But the Appellate Division in the interest of justice

may consider errors to which no objection has been made. *See People v. Dickerson, supra,* 416 N.Y.S.2d at 624.

The State now contends that these errors, never mentioned by appellate counsel, were also harmless. As noted above, the appellate court should have the benefit of the views of counsel in making that determination. Moreover, the Appellate Division has characterized misconduct of the type committed by the prosecutor in this case as "wholly improper", *see People v. Brown,* 111 A.D.2d 248, 489 N.Y.S.2d 92, 94 (2nd Dept.1985).

■ The State contends that petitioner must show prejudice in order to obtain habeas corpus relief, citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Since the State's handling of the appeal did not comport with the requirements of *Anders* in that there was no finding of frivolity, the *Strickland* test is inapplicable. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

Petitioner was deprived of his right to counsel on direct appeal. The court grants petitioner's application for a writ of habeas corpus and orders the State to release petitioner from custody unless he is provided a new direct appeal from his conviction within 60 days of the date of this Memorandum and Order.

So ordered.