■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG PITTMAN, Also Known as BRIAN FELTON, Appellant. [658

NYS2d 943] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered February 22, 1995, convicting him of criminal possession of a weapon in the third degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The arresting police officers testified that at approximately 12:33 A.M. on May 24, 1994, they heard shots being fired from the direction of the South Jamaica Housing Projects. Shortly after exiting their vehicle, the officers saw the defendant walking between parked cars carrying a gun. They ordered the defendant to stop, but he fled into a building. The officers chased the defendant into the stairwell and observed him drop the gun into the trash compactor located in the hallway on the third floor. After a struggle, the police arrested the defendant. A loaded gun was then recovered from the top of the pile of trash inside the compactor.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the third degree beyond a reasonable doubt (see, People v Brunson, 178 AD2d 541, 542; People v Jackson, 162 AD2d 552, 553; People v Garcia, 147 AD2d 656, 656-657). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Miller, J. P., Copertino, Krausman and Florio, JJ., concur.