Froessel, J.
Defendant was convicted of first degree robbery. He does not contend on this appeal that the verdict of guilt is not supported by the evidence. Indeed, there is ample evidence from which a jury could find defendant’s guilt beyond a reasonable doubt, despite defendant’s denial of any connection with the crime.
However, a number of serious errors were committed during the trial, which in our opinion deprived defendant of his fundamental right to a fair trial, and may not be disregarded under the provisions of section 542 of the Code of Criminal Procedure.
In his charge to the jury, the Trial Judge, after discussing generally the matter of the credibility of witnesses, and after telling them that the defendant is an interested witness as a matter of law, continued:
“ It has been our experience that persons who have an interest in the case are perhaps less likely to tell the truth or, perhaps, to put it conversely, more likely to color or distort their testimony, or even to lie outright, because on the outcome of the case depends whether or not they are going to be punished. * * *
“ I can safely say that it is a matter of experience in the trial of criminal cases, that a person who has been previously convicted of crime is, perhaps, less likely to tell the truth than a person who has had an unblemished record.” (Emphasis supplied.) Defendant duly excepted to these instructions.
This was clearly prejudicial error, particularly where defendant was his sole witness. The jury may of course be told that they may consider, on the issue of credibility, defendant’s obvious interest in the outcome of the case and his prior criminal record, and the court did charge appropriately in these respects. But it went much too far in the quoted instructions (People v. Gerdvine, 210 N. Y. 184, 186; People v. Kehoe, 253 App. Div. 762, affd. 278 N. Y. 518; People v. Herman, 255 App. Div. 314; People v. Viscio, 241 App. Div. 499, 502; see People v. Leavitt, 301 N. Y. 113, 117; People v. Manning, 278 N. Y. 40, 42; People v. Flynn, 275 App. Div. 350).
*57 The Appellate Division, while recognizing error here, affirmed the conviction under section 542 of the Code of Criminal Procedure. Under that section, courts may disregard errors if they are merely technical and do not affect substantial rights. We think the substantial rights of defendant were affected here and that this error may not be disregarded. Of course no exact standard can be laid down which will precisely delineate the boundaries of substantial error. In general, however, an error which tends to blur an important issue and prevent a proper consideration thereof by the jury, or which may have misled the jury and influenced them in reaching their verdict, is an error affecting a substantial right, and may not be disregarded even though the evidence may convince us of the defendant’s guilt (People v. Marendi, 213 N. Y. 600; People v. Carborano, 301 N. Y. 39; People v. Mleczko, 298 N. Y. 153; People v. Gerdvine, 210 N. Y. 184, supra).
In the present case, the major issue was that of identification. The determination of this issue depended primarily upon the resolution by the jury of a direct conflict between the testimony of the witnesses for the prosecution and the testimony of defendant. Defendant relied entirely upon his own testimony which, if but sufficient to create a reasonable doubt, would have entitled him to an acquittal. The outcome of the case thus depended directly upon the decision which the jury made with respect to the credibility of the defendant as opposed to that of the witnesses for the prosecution.
It is with regard to this vital issue — defendant’s credibility — that error was committed. The Trial Judge not only incorrectly charged on this issue, but threw behind his instructions the weight of his own personal experience in such matters. The error prevented proper consideration by the jury of a most important issue, and could have influenced them in reaching their verdict. It is consequently an error affecting a substantial right.
The prejudicial nature of this charge was aggravated by the entirely different nature of the instructions of the court immediately thereafter with respect to the credibility of the People’s witnesses. At the trial, the complaining witness testified that the robbers were waiting for bim on the sixth floor of his apartment house when he emerged from the elevator. The doorman, however, testified that the complaining witness *58 had entered the building and the elevator a minute and a half before the two men. The court referred to the inconsistency between these two statements as a “ tiny discrepancy ’ ’, and actually minimized them, adding: ‘'Keep those things in mind in testing the credibility of the People’s witnesses.” (Emphasis supplied.)
Other errors were committed at the trial, for example, the court charged as “ conceded ” certain elements of the crime which had not been conceded by defendant or treated by him as such (see People v. Walker, 198 N. Y. 329, 334-335; People v. Jackerson, 247 N. Y. 36, 40; People v. Marendi, supra, p. 618). However, since the errors already adverted to constitute sufficient grounds for reversal, and there must be a new trial, no useful purpose will be served in reviewing them here.
Accordingly, the judgments of conviction should be reversed and a new trial ordered.
Conway, Ch. J., Desmond, Dye, Van Voorhis and Burke, JJ., concur with Froessel, J.; Fuld, J., concurs in result.
Judgments reversed, etc.