THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL CASTRO, Appellant.

Defendant's challenge to the admissibility of the arresting officer's testimony reciting the chronology of events leading to defendant's arrest and subsequent identification by the complainants has not been preserved for appellate review (*see, People v Martin,* 50 NY2d 1029, 1031; *People v Jones,* 81 AD2d 22, 29). In any event, even if we were to reach the merits, we would find that defendant has failed to demonstrate that the jury engaged in any improper speculation based on that testimony. Rather, there was overwhelming evidence upon which the jury could rely.

Nor do we find fault with the court's "interested witness" charge. Contrary to defendant's assertions, the jury was never instructed to strictly scrutinize defendant's testimony nor did the court suggest that there were special reasons to doubt defendant's veracity (*cf. People v Ochs,* 3 NY2d 54, 57; *People v Demery,* 60 AD2d 606, 607). We find nothing prejudicial in the charge as given.

Lastly, we conclude that the sentence imposed was neither unduly harsh nor excessive. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.