■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MARTINEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered February 21, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. No questions of fact have been raised or considered.

At trial the defendant admitted to having stabbed the victim a total of 139 times in the victim's hotel room. The defendant, who also resided in the hotel, claimed that he acted to repel the victim who, he claimed, was attacking him sexually. The following morning the police arrested the defendant at his brother's house. On the way to police headquarters, the defendant asked the officers "how much time" they thought he would get in prison. The defendant added: "I know what I did was really mad". The court allowed the former statement, but improperly barred the defense counsel from eliciting the latter statement from the arresting officer at trial (see, People v Dlugash, 41 NY2d 725, 736; Richardson, Evidence § 227 [Prince 10th ed]).

Additionally, we find that there was sufficient evidence of the defendant's loss of self-control to merit charging the jury as to the affirmative defense of extreme emotional disturbance (see, Penal Law § 125.25 [1] [a]; People v Moye, 66 NY2d 887, 890).

We further find that the court's charge concerning the defendant's status as an "interested witness" was improper. The court instructed the jury that a defendant has a "deep personal interest" in his prosecution that is greater and "of a character * * * possessed by no other witness". The court added that this interest "creates a motive for false testimony" which the jury may take into consideration. This charge incorrectly set up a higher standard for the jury to apply in evaluating the credibility of the defendant's testimony (see, People v Ochs, 3 NY2d 54, 57; People v Bermudez, 109 AD2d 674; cf., People v Castro, 110 AD2d 775; see, 1 CJI[NY] 7.04, at 272).

We also find that the defendant was prejudiced by certain prosecutorial misconduct at trial. In a pretrial ruling, the court properly held that the defendant's exculpatory hearsay statements (that he acted in self-defense) made at police headquarters would be inadmissible at trial (see, People v Hentley, 155 AD2d 392). Aware that the defendant's self-defense statements were barred by the court, the prosecutor abused the ruling by suggesting improperly to the jury that the defendant's justification claim at trial was an afterthought created or fabricated only after he listened to the People's witnesses at trial (see, People v Garcia, 169 AD2d 358; People v Negron, 161 AD2d 537). The trial court improperly overruled defense objections to this line of argument.

In view of the foregoing, we need not reach the defendant's

remaining contentions. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.