■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT JAMES RANDOLPH, Appellant. [831 NYS2d 326]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered June 14, 2006, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON SANTOS-MISPAS, Appellant. [831 NYS2d 344]—Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered July 30, 2004, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his justification defense was not disproven beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Johnson*, 302 AD2d 539 [2003]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defense of justification and to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim that the court considered improper factors in imposing sentence is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Ponder*, 1 AD3d 616 [2003]). In any event, the claim is without merit (*see People v Harrison*, 188 AD2d 374, 375 [1992], *affd* 82 NY2d 693 [1993]; *see generally People v Notey*, 72 AD2d 279, 282-283 [1980]). The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.