■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEANIE BLAKE, Appellant. [835 NYS2d 78]—

Judgment, Supreme Court, Bronx County (Steven L. Barrett, J., on severance and suppression motions; Martin Marcus, J., at jury trial and sentence), rendered March 22, 2005, convicting defendant, after a jury trial, of sodomy in the first degree and sexual abuse in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years and 12 years, respectively, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the verdict was based on legally sufficient evidence. We further find that the verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The fact that the jury reached a mixed verdict, including different verdicts on counts relating to the same victim, does not warrant a different conclusion (*see People v Horne*, 97 NY2d 404, 413 [2002]; *People v Rayam*, 94 NY2d 557 [2000]).

The court's interested witness charge did not shift the burden of proof or undermine the presumption of innocence. The court delivered the standard charge (*see* CJI2d[NY] Credibility-Interest/Lack of Interest; *People v Agosto*, 73 NY2d 963, 967 [1989]), which simply referred to defendant as an example of an interested witness and permitted the jury to consider whether any witness's interest or lack of interest in the outcome of the case affected the truthfulness of such witness's testimony. The charge contained no language about defendant having a motive to lie or deep personal interest in the case, and nothing in the charge assumed or suggested that he was guilty (*compare People v Ochs*, 3 NY2d 54 [1957]; *United States v Gaines*, 457 F3d 238, 244-250 [2d Cir 2006]).

The court providently exercised its discretion in denying defendant's severance motion (*see e.g. People v Streitferdt*, 169 AD2d 171, 176 [1991], *lv denied* 78 NY2d 1015 [1991]; *People v Ndeye*, 159 AD2d 397 [1990], *lv denied* 76 NY2d 793 [1990]). There was no material variance in the quantity of proof presented with respect to the charges relating to two unrelated sexual attacks that were lawfully joined. The fact that defen-

dant was acquitted of all of the charges relating to one of the attacks demonstrates that he was not prejudiced by the joint trial (*see People v Cannon*, 306 AD2d 130, 131 [2003], *lv denied* 1 NY3d 539 [2003]).

The court properly denied defendant's suppression motion. The DNA sample obtained from defendant pursuant to Executive Law § 995-c (3) while he was incarcerated on an unrelated matter was a search that fell within the "special needs" exception to the prohibition against suspicionless searches, and the process by which such samples are obtained was not implemented to uncover ordinary criminal wrongdoing (*see Nicholas v Goord*, 430 F3d 652 [2d Cir 2005], *cert denied* 549 US —, 127 S Ct 384 [2006]; *see also People v Hardison*, 5 AD3d 312 [2004], *lv denied* 2 NY3d 800 [2004]). Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.