■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE ACQUISTA, Appellant. [837 NYS2d 309]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered June 27, 2005, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecution failed to

disprove his justification defense by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Santos-Mispas,* 38 AD3d 923 [2007]; *People v Johnson,* 302 AD2d 539 [2003]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (*see* Penal Law § 35.15; *People v Chung,* 39 AD3d 558 [2007]; *People v Santos-Mispas, supra; People v Guillen,* 37 AD3d 852 [2007]). Indeed, the defendant's own testimony concerning his near-fatal stabbing of the complainant, as well as other evidence at the trial, plainly disproved beyond a reasonable doubt at least two elements of the defendant's justification defense; that he was not the initial aggressor in the confrontation and that he did not know that, with complete safety to himself and others, he could have retreated and thereby avoided the necessity of resorting to deadly physical force (*see* Penal Law § 35.15 [1] [b]; [2] [a]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the People's contention, however, the defendant did preserve for appellate review his challenge to certain comments made by the prosecutor in summation regarding his failure to contact the police immediately after the incident, his failure to call a certain witness at trial, and his failure to produce physical evidence in support of his claim that the victim was armed. Those comments were clearly improper (*see People v Warren,* 27 AD3d 496, 498 [2006]). Nevertheless, the trial court alleviated any resulting prejudice by sustaining the defendant's objections and promptly issuing appropriate curative instructions (*see People v Warren, supra; People v Williams,* 14 AD3d 519 [2005]). In any event, in light of the overwhelming evidence of the defendant's guilt, we find that the errors complained of were harmless and that the defendant was not denied the right to a fair trial (*see People v Crimmins,* 36 NY2d 230, 242 [1975]; *People v Jenkins,* 38 AD3d 566 [2007]).

The defendant's remaining claims of prosecutorial misconduct are not preserved for appellate review.

The defendant's remaining contentions are without merit. Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.