■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BROKENBOUGH, Appellant. [859 NYS2d 678]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered December 20, 2006, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court's charge to the jury concerning the defendant as an interested witness shifted the burden of proof or undermined the presumption of innocence is without merit. The jury charge properly identified the defendant as an example of an interested witness and permitted the jury to consider whether any witness's interest or lack of interest in the outcome of the case affected the truthfulness of such witness's testimony (*see People v Agosto,* 73 NY2d 963, 967 [1989]; *People v Blake,* 39 AD3d 402, 403 [2007]). The jury charge contained no language stating that the defendant had "a motive to lie or deep personal interest in the case," and nothing in the charge assumed or suggested that he was guilty or shifted the burden of proof (*People v Blake,* 39 AD3d 402, 403 [2007]; *cf. People v Ochs,* 3 NY2d 54 [1957]; *United States v Brutus,* 505 F3d 80, 87-88 [2007]; *United States v Gaines,* 457 F3d 238, 244-250 [2006]).

The defendant's contention that the County Court considered improper factors in imposing sentence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Santos-Mispas,* 38 AD3d 923 [2007]). In any event, this contention is without merit (*see People v Santos-Mispas,* 38 AD3d 923 [2007]; *People v Harrison,* 188 AD2d 374, 375 [1992]). Moreover, the sentence

imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Mastro, J.P., Spolzino, Balkin and Leventhal, JJ., concur.