*487 Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered August 17, 2006, convicting him of murder in the second degree (two counts), burglary in the second degree, assault in the third degree, and aggravated cruelty to animals, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant was charged with entering the home of his former girlfriend and her family in the early morning hours of August 9, 2005, stabbing her mother to death, stabbing her niece Patricia in the face, and slaying the family dog. At the trial, the defendant, testifying on his own behalf, admitted that he killed his former girlfriend’s mother and the family dog, and, with the knife still in his hand, pushed the decedent’s niece Patricia to the side as he fled the scene. At trial, he raised the affirmative defense of extreme emotional disturbance.
On appeal, the defendant claims that an audiotape of a telephone call to 911 by the decedent’s niece Natalie was improperly admitted in evidence. This argument is without merit. At the trial, defense counsel conceded that the audiotape fell within an exception to the hearsay rule on the ground that it constituted an excited utterance. However, defense counsel claimed that it should not be admitted in evidence on the ground that its prejudicial nature far outweighed any probative value, since identification was not in issue and the substance of the audiotape was not relevant to the defendant’s state of mind. The People contended that the audiotape established that the defendant had a knife. Under the circumstances of this case, the trial court properly found that the audiotape was “probative with respect to what occurred” and therefore admissible in evidence. The defendant’s contention that the court failed to provide a limiting instruction is unpreserved for appellate *488 review (see CPL 470.05 [2]; People v Medina, 37 AD3d 240, 242 [2007]), and we decline to review it in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]).
The defendant also challenges the trial court’s ruling precluding him from admitting in evidence his videotaped statement to police, which he made upon his arrest in Florida 11 days after the crime, or eliciting testimony regarding the substance of that interview on the ground that it constituted inadmissible hearsay. The People did not open the door to the admission in evidence of the videotaped statement (see People v Martinez, 186 AD2d 153 [1992]). Although portions of the videotaped statement were admitted in evidence to impeach his credibility as a trial witness, the defendant himself testified that some of his statements in the videotape were not true. Moreover, the videotaped statement constituted inadmissible hearsay insofar as it was offered to prove that the purported events that led to the defendant’s alleged emotional disturbance had occurred (see People v Reynoso, 73 NY2d 816, 819 [1988]; People v Oguendo, 305 AD2d 140, 141 [2003]; People v Deleon, 262 AD2d 421 [1999]; see also People v Villanueva, 35 AD3d 229, 230 [2006]). Accordingly, the trial court’s ruling was proper. Florio, J.P, Angiolillo, McCarthy and Chambers, JJ., concur.