■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DIXON, Appellant. [880 NYS2d 495]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered October 26, 2006, convicting him of criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court's charge to the jury concerning the defendant as an interested witness

improperly shifted the burden of proof or undermined the presumption of innocence is without merit. The jury charge properly identified the defendant as an example of an interested witness and permitted the jury to consider whether any witness's interest or lack of interest in the outcome of the case affected the truthfulness of such witness's testimony (*see People v Agosto,* 73 NY2d 963, 967 [1989]; *People v Brokenbough,* 52 AD3d 525 [2008]; *People v Blake,* 39 AD3d 402 [2007]). The jury charge contained no language stating that the defendant had "a motive to lie or deep personal interest in the case" (*People v Blake,* 39 AD3d at 403), and nothing in the charge assumed or suggested that he was guilty or shifted the burden of proof (*see People v Brokenbough,* 52 AD3d 525 [2008]; *cf. People v Ochs,* 3 NY2d 54 [1957]; *United States v Brutus,* 505 F3d 80 [2007]; *United States v Gaines,* 457 F3d 238 [2006]). Dillon, J.P., Florio, Balkin and Austin, JJ., concur.