■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY CAMPBELL, Appellant. [890 NYS2d 606]—

The defendant contends that the prosecutor's questioning about his postarrest silence deprived him of a fair trial. However, after the Supreme Court sustained his objection and issued a curative instruction, the defendant failed to either move for further curative instructions or request a mistrial (*see People v Wright*, 40 AD3d 1021 [2007]; *People v Medina*, 53 NY2d 951, 953 [1981]; *cf. People v Prince*, 36 AD3d 833 [2007]). Under

these circumstances, "it must be deemed that the matter was cured to defense counsel's satisfaction, and thus the defendant's present contention is unpreserved for appellate review" (*People v Thompson*, 34 AD3d 852, 854 [2006]). In any event, the instruction given by the court adequately cured any prejudice to the defendant.

The Supreme Court providently exercised its discretion in permitting the People to call a rebuttal witness (*see* CPL 260.30 [7]), since the witness's testimony was relevant to a material issue in the case (*see People v Carroll*, 95 NY2d 375, 386 [2000]; *see also People v Ferguson*, 15 AD3d 675 [2005]; *People v Wilson*, 297 AD2d 298 [2002]).

The Supreme Court's justification charge was adequate to instruct the jury on the relevant principles of the law (*see* Penal Law § 35.15 [2] [a]; *People v Wesley*, 76 NY2d 555 [1990]; *People v Goetz*, 68 NY2d 96 [1986]; *see also* CJI2d[NY] Penal Law § 35.15). Further, "[t]he court need not marshal the evidence except to the extent necessary to explain the application of the law to the facts of the case, and is not required to explain all the contentions of the parties or outline all the inconsistencies in the evidence" (*People v Gallardo*, 58 AD3d 867, 867 [2009]; *see* CPL 300.10 [2]; *People v Saunders*, 64 NY2d 665, 667 [1984]).

The Supreme Court's interested witness charge properly identified the defendant as an example of an interested witness and permitted the jury to consider whether any witness's interest or lack of interest in the outcome of the case affected the truthfulness of such witness's testimony (*see People v Brokenbough*, 52 AD3d 525 [2008]; *People v Blake*, 39 AD3d 402, 403 [2007]). The interested witness charge given to the jury in this case "contained no language stating that the defendant had 'a motive to lie or deep personal interest in the case,' and nothing in the charge assumed or suggested that he was guilty or shifted the burden of proof" (*People v Brokenbough*, 52 AD3d at 525; *see People v Blake*, 39 AD3d at 403; *cf. People v Ochs*, 3 NY2d 54, 56 [1957]; *United States v Gaines*, 457 F3d 238, 242 [2006]; *United States v Brutus*, 505 F3d 80, 85 [2007]). Moreover, the charge was not unbalanced (*see People v Varughese*, 21 AD3d 1126 [2005]; *People v Lopez*, 1 AD3d 458 [2003]).

The Supreme Court providently exercised its discretion in denying the defendant's application for youthful offender status (*see* CPL 720.20 [1]; *People v Stanley*, 38 AD3d 923 [2007]). The sentence imposed was not excessive (*see People v Rivera*, 177 AD2d 664 [1991]; *People v Suitte*, 90 AD2d 80, 86 [1982]). Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.