[946 NE2d 726, 921 NYS2d 628]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FREDDY RODRIGUEZ, Respondent.

Argued February 10, 2011; decided March 24, 2011

**POINTS OF COUNSEL**

*Robert T. Johnson, District Attorney,* Bronx (*Stanley R. Kaplan* and *Joseph N. Ferdenzi* of counsel), for appellant. The majority opinion of the Appellate Division, First Department, erroneously required a "choice-of-evils" instruction pursuant to Penal Law § 35.05 (2), where defendant failed to offer evidence that he had engaged in any conduct that could constitute a

"lesser evil" warranting justification of his conduct. (*People v Craig*, 78 NY2d 616; *People v O'Neal*, 172 AD2d 217; *People v Cox*, 92 NY2d 1002; *People v Butts*, 72 NY2d 746; *People v Scarborough*, 49 NY2d 364; *People v Maher*, 79 NY2d 978; *People v Newman*, 3 Misc 3d 361, 26 AD3d 589; *People v Padgett*, 60 NY2d 142; *People v Huntley*, 87 AD2d 488, 59 NY2d 868; *People v Zona*, 14 NY3d 488.)

*Yalkut & Israel*, Bronx (*Arlen S. Yalkut* of counsel), for respondent. The Appellate Division's majority opinion should be affirmed. The trial court's failure to charge justification under Penal Law § 35.05 deprived defendant of a fair trial. The jury was prevented from considering this defense which would have constituted a complete defense to the major felony counts. (*People v Newman*, 3 Misc 3d 361; *People v Rivera*, 138 AD2d 169; *People v Huntley*, 87 AD2d 488; *People v Torre*, 42 NY2d 1036; *People v Burnell*, 84 AD2d 566; *People v Petty*, 7 NY3d 277; *People v McManus*, 67 NY2d 541; *People v Watts*, 57 NY2d 299; *People v Maher*, 79 NY2d 978; *People v Musto*, 243 AD2d 508.)

### OPINION OF THE COURT

PIGOTT, J.

The issue in this case is whether defendant was entitled to a charge of justification with respect to his conduct during a bizarre series of events that ended with the tragic death of one person and serious injury to two others. That defense, found in Penal Law § 35.05 (2), often referred to as the "choice-of-evils" defense, provides that conduct that would otherwise constitute an offense is justified when it:

> "is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue."

Certain facts in this case are not in dispute. On August 1, 2005, one Francisco Rios double-parked his overloaded box truck, facing downhill, at 103-105 Mt. Eden Avenue in the Bronx. Rios placed the truck in reverse and turned the engine

off, leaving the keys in the ignition before going into a store. Defendant, who was walking by, entered the truck. While defendant was inside, the truck descended Mt. Eden Avenue and struck several cars and three pedestrians, seriously injuring two and killing one. At trial, the People and defendant offered the jury markedly different stories as to how all of this occurred.

The People claimed that an intoxicated defendant, who admittedly knew Rios, wanted to play a trick on him by moving his truck to the bottom of the hill. This theory was supported by the testimony of an eyewitness, Carlos Montilla, who had known defendant for 10 years and witnessed the accident. Montilla testified that defendant exited the truck after the incident and asked him, "How many people did I kill?" Montilla, seeing three people laying in the road, responded, "[Y]ou killed three people," to which defendant replied, "Oh, I was joking around with the truck. I was making a joke and look at what I've done." A police officer, called to the scene, testified that defendant had "glassy" eyes and "slurred" speech. Evidence established that defendant had a blood alcohol content of .09% nearly four hours after the incident which, according to an expert called by the People, meant that his blood alcohol content at the time of the incident was between .13% and .17%, substantially above the "legal limit" of .08%.

Defendant had a different version of events. He testified that he had previously owned a supermarket on Mt. Eden Avenue and was familiar with Rios's truck because Rios had delivered produce to his store. On this day as he was walking past the truck, he "saw a movement of the truck." He ran between parked cars to get to the truck which, by this time, was descending the hill and approaching an intersection. Defendant opened the passenger side door, jumped inside, slid over behind the steering wheel and pumped the brakes, to no avail. He tried steering, but the wheel was hard to move. Despite his best efforts, the truck struck several pedestrians crossing the street. He exited the truck on the passenger's side, and went to a nearby bodega. Defendant denied knowing Montilla or making any statement to him after the incident.

At the charge conference following the close of proof, defense counsel sought the justification charge in accordance with Penal Law § 35.05 (2). The court denied the request, stating that based upon its reading of the statute and case law, it failed to "see how a [j]ustification [c]harge would be warranted under these particular facts and circumstances."

The jury found defendant guilty of manslaughter in the second degree (Penal Law § 125.15 [1]), two counts of assault in the second degree (Penal Law § 120.05 [4]), vehicular manslaughter in the second degree (Penal Law § 125.12), two counts of vehicular assault in the second degree (Penal Law § 120.03 [1]), and two counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]).

The Appellate Division, in a 3-2 decision, reversed, holding that because there was "a reasonable view of the evidence that defendant unlawfully entered and operated the [truck] while intoxicated in an attempt to avoid injury while confronting a situation not of his making, he was entitled to a justification charge," further stating that Supreme Court's "unexplained omission" of the charge constituted reversible error (72 AD3d 238, 239 [1st Dept 2010]). The dissenting Justices would have affirmed the trial court. A Justice of that Court granted the People leave to appeal, and we now reverse.

█ Addressing the most serious felonies of which defendant was convicted—manslaughter in the second degree and assault in the second degree—we conclude that there was no reasonable view of the evidence that would have supported a justification charge relative to either of those crimes (*see People v Cox*, 92 NY2d 1002, 1004-1005 [1998]). Penal Law § 35.05 (2) is often referred to as the "choice-of-evils" defense, and properly so. To be entitled to such a charge there must be two "evils." And here, even under defendant's scenario, there was no "evil" on his part. According to defendant, he was not committing any offense when he jumped into a runaway vehicle to prevent it doing harm to others. So, as to the most serious charges, a justification charge was clearly unwarranted.

█ Supreme Court erred, however, in refusing to give a justification charge relative to the counts of operating a motor vehicle while intoxicated. If defendant elected to operate a motor vehicle, here the truck, while under the influence of alcohol, in an attempt to prevent injury, he faced the choice of two evils: drive while intoxicated or risk a runaway truck causing injury. Therefore, Supreme Court should have granted defendant's request for a justification charge with respect to the operating a motor vehicle while intoxicated counts. However, any error was harmless as evidenced by the jury's conviction of defendant of the second-degree manslaughter and assault counts. To find defendant guilty of those charges, the jury was required to conclude, beyond a reasonable doubt, that defendant caused the

truck's movement, i.e., that it was not moving before he entered it. Because the jury concluded that it was defendant who caused the truck to move, and not, as defendant contended, that the truck was already moving, the jury never would have considered his "choice-of-evils" defense on the charge of driving while intoxicated. As a result, the error of not giving the justification charge with respect to the vehicular manslaughter and vehicular assault counts, which include as an element the operation of a motor vehicle while intoxicated, was harmless, and defendant is not entitled to a new trial to correct the error.

Accordingly, the order of the Appellate Division should be reversed and the case remitted to the Appellate Division for consideration of the facts and issues raised but not determined on the appeal to that court.

Chief Judge LIPPMAN (dissenting in part). I agree with the majority that defendant was not entitled to a justification charge with respect to the crimes of manslaughter in the second degree and assault in the second degree. However, as to the remaining counts, viewing the evidence in the light most favorable to defendant, he was entitled to the benefit of a choice-of-evils defense. Since the error in failing to give the requested instruction was not harmless, I dissent in part.

"Justification is a defense—as opposed to an affirmative defense—and the [P]eople have the burden of disproving such defense beyond a reasonable doubt" (*People v Steele*, 26 NY2d 526, 528 [1970] [internal quotation marks and citation omitted]). "When evidence at trial viewed in the light most favorable to the accused, sufficiently supports a claimed defense, the court should instruct the jury as to the defense, and must when so requested. A failure by the court to charge the jury constitutes reversible error" (*People v Watts*, 57 NY2d 299, 301 [1982]).

Viewing the evidence in the light most favorable to defendant, he engaged in criminal conduct—driving while intoxicated—in an attempt to avoid the potentially greater harm that could result from an unattended truck rolling down a busy street in a densely populated area. There is no support for the conclusion that defendant recklessly caused death and serious physical injury to the victims in order to avoid greater harm. In other words, as the majority concludes as to the top two counts against him, defendant was not forced to choose between two evils (*see* majority op at 345). Defendant's version of events does, however,

clearly support the requested justification charge as to the counts of driving while intoxicated and the alcohol-related assault and manslaughter charges. It was therefore error for the court to refuse to charge the jury with the justification defense as to those counts.

This type of error will be considered harmless when there is overwhelming evidence refuting the justification defense and no reasonable possibility that the requested charge would have led to a different verdict (*see People v Petty*, 7 NY3d 277, 286 [2006]; *People v Jones*, 3 NY3d 491, 497 [2004]). It cannot be said that the People produced overwhelming proof disproving defendant's claim of justification. One version of events may seem more likely than the other, but this presented a question of credibility for the jury to resolve. The absence of the charge certainly hurt the defense, depriving it of the judicial imprimatur of its perspective of the matter and the benefit of a favorable burden of proof. The majority's reliance on the convictions obtained without the warranted charge hardly shows the lack of impact of the error. I would, therefore, modify to reinstate the convictions of manslaughter in the second degree and assault in the second degree, and otherwise affirm.

CIPARICK, J. (dissenting). Because I believe that Supreme Court erred in refusing to give a choice-of-evils justification instruction to the jury (Penal Law § 35.05 [2]), as requested by defendant, I respectfully dissent and would affirm the order of the Appellate Division.

It is well-settled that "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor" (*Mathews v United States*, 485 US 58, 63 [1988]). In determining whether the evidence is sufficient, "[a] court must view the evidence adduced at trial in the light most favorable to the defendant" (*People v Zona*, 14 NY3d 488, 493 [2010]; *see also People v Butts*, 72 NY2d 746, 750 [1988]). A court's failure to instruct a jury on an entitled defense, when requested, "constitutes reversible error" (*Zona*, 14 NY3d at 493, citing *People v Watts*, 57 NY2d 299, 301 [1982]).

Here, the evidence adduced at trial warranted a justification instruction. As the Appellate Division majority correctly concluded, "the jury could have inferred that defendant took the otherwise reckless risk of driving the truck while in an intoxicated condition in order to prevent the vehicle from

causing imminent injury to others, there being no time to take any other action" (*People v Rodriguez*, 72 AD3d 238, 244 [1st Dept 2010]). The majority's assertion that the jury must have concluded that "defendant caused the truck's movement" (majority op at 345-346) to find him guilty of the second-degree manslaughter and assault charges has no bearing on whether defendant was entitled to his request to charge prior to the court's submission of the case to the jury. Had the jurors been properly charged on justification, we do not know what they would have concluded (*People v Tucker*, 55 NY2d 1, 7 [1981] [it is not the function of this Court to "speculat(e) on how the jury (would have) perceived and weighed the evidence"]).

In sum, because a reasonable view of the evidence supports the theory that defendant unlawfully entered and operated the vehicle while intoxicated in an attempt to avoid injury—confronting a situation not of his own making—the refusal of Supreme Court to give a justification charge relative to all the counts in the indictment was error.

Judges GRAFFEO, READ, SMITH and JONES concur with Judge PIGOTT; Chief Judge LIPPMAN dissents in part and votes to modify in a separate opinion; Judge CIPARICK dissents and votes to affirm in another opinion.

Order reversed, etc.