■ The People of the State of New York, Respondent, v Freddy Rodriguez, Appellant. [921 NYS2d 853]—

Upon remittitur from the Court of Appeals (16 NY3d 341 [2011]), judgment, Supreme Court, Bronx County (Robert E. Torres, J.), rendered March 15, 2007, convicting defendant, after a jury trial, of manslaughter in the second degree, assault in the second degree (two counts), vehicular manslaughter in the second degree, vehicular assault in the second degree (two counts) and operating a motor vehicle while under the influence of alcohol (two counts), and sentencing him to an aggregate term of 6 to 15 years imprisonment, unanimously affirmed.

This Court previously reversed the judgment of conviction and ordered a new trial upon the trial court's denial of defendant's request for a justification charge (72 AD3d 238 [2010]).

The Court of Appeals reversed this Court's order and remitted the matter to us for consideration of the remaining undetermined issues. Accordingly, we reject defendant's challenge to the prosecutor's summation. The remarks at issue constituted fair comment on the evidence and did not deprive defendant of a fair trial (*see People v Ashwal*, 39 NY2d 105, 109 [1976]). Defendant's remaining contention that his sentence was excessive lacks merit. Defendant's conviction stems from a senseless act that caused the death of a child and serious injury to two other persons. That he had no prior conflicts with the law does not negate the magnitude of his crimes or justify a reduction of his sentence (*see e.g. People v Motter*, 235 AD2d 582, 589 [1997], *lv denied* 89 NY2d 1038 [1997]). Concur—Tom, J.P., Sweeny, McGuire, DeGrasse and Freedman, JJ.