The People of the State of New York, Respondent, v Johnny Piedra, Appellant. [928 NYS2d 752]—

Contrary to the defendant's contention, the Supreme Court did not err in permitting the prosecution to call an expert witness, a psychologist, to testify about, inter alia, intrafamily rape trauma syndrome. The testimony was properly admitted "to explain behavior of . . . victim[s] that might appear unusual or that jurors may not be expected to understand" (*People v Carroll*, 95 NY2d 375, 387 [2000]; *see People v Rich*, 78 AD3d 1200, 1202 [2010]). The expert "spoke about victims in general and never opined that the defendant committed the crimes, that the victim[s] w[ere] sexually abused, or that the victim[s'] specific actions and behavior were consistent with abuse" (*People v Rich*, 78 AD3d at 1202; *see People v Carroll*, 95 NY2d at 387; *People v Taylor*, 75 NY2d 277, 292-293 [1990]).

The Supreme Court also did not err in granting the prosecutor's application to preclude the defendant from questioning one of the complainants about an entry in her diary indicating that a classmate had sexually abused her. The defendant did not make a showing that the circumstances or manner of the assault described in the diary "were such as to suggest a pattern casting substantial doubt on the validity of the charges made by the victim in this instance or were such as otherwise to indicate a significant probative relation to such charges" (*People v Mandel*, 48 NY2d 952, 953 [1979]; *cf. People v Hunter*, 11 NY3d 1, 6 [2008]). Moreover, there is no indication in the record that the complainant reported the incident described in the diary to anyone or confirmed that it occurred (*see People v Gunther*, 67 AD3d 1477, 1478 [2009]).

The defendant's contention that the Supreme Court erred in failing to give a missing witness charge is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hernandez*, 74 AD3d 839, 840 [2010]; *People v Jacobs*, 65 AD3d 594, 596 [2009]) and, in any event, is without merit (*see People v Gonzalez*, 68 NY2d 424, 427 [1986]; *People v Rodriguez*, 77 AD3d 975, 976 [2010]).

The defendant's contention that the Supreme Court's interested witness charge to the jury unfairly singled him out, disparaged his credibility, and undermined the presumption of innocence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Patterson*, 39 NY2d 288, 294-295 [1976], *affd* 432 US 197 [1977]; *People v Jean-Baptiste*, 37 AD3d 852, 852-853 [2007]). In any event, "[t]he jury charge contained no language stating that the defendant had 'a motive to lie or deep personal interest in the case,' and nothing in the charge assumed or suggested that he was guilty or shifted the burden of proof" (*People v Brokenbough*, 52 AD3d 525, 525 [2008], quoting *People v Blake*, 39 AD3d 402, 403 [2007]; *cf. People v Ochs*, 3 NY2d 54, 56 [1957]; *United States v Brutus*, 505 F3d 80, 87-88 [2007]; *United States v Gaines*, 457 F3d 238, 244-250 [2006]). Moreover, the charge was not unbalanced (*see People v Campbell*, 68 AD3d 890, 891 [2009]; *see also People v Varughese*, 21 AD3d 1126, 1128 [2005]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Covello, Florio and Lott, JJ., concur.