■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON COPP, Appellant. [967 NYS2d 411]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Crecca, J.), rendered December 1, 2010, convicting him of assault in the third degree, menacing in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court should have instructed the jury with regard to the defense of justification under Penal Law § 35.05 (2) is unpreserved for appellate review, since he never requested such a charge and he did not object to the charge given (*see* CPL 470.05 [2]; *People v Harrell*, 59 NY2d 620, 622 [1983]; *People v Khan*, 89 AD3d 750, 751 [2011]; *People v Jenkins*, 81 AD3d 662 [2011]). In any event, there was no reasonable view of the evidence that would have supported a justification charge relative to any of the crimes of which the defendant was convicted, since, under the defendant's version of the events, he did not engage in conduct that was justified under the choice-of-evils theory of justification (*see People v Rodriguez*, 16 NY3d 341, 345 [2011]).

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the third degree, menacing in the third degree, and endangering the welfare of a child beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the County Court's interested witness charge, which followed the New York Pattern Jury Instructions, was not unbalanced (*see People v Piedra*, 87 AD3d 706, 707 [2011]; *People v Williams*, 81 AD3d 993, 994 [2011]; *People v Campbell*, 68 AD3d 890, 891 [2009]; *People v*

*Dixon*, 63 AD3d 854, 855 [2009]; *People v Brokenbough*, 52 AD3d 525, 525 [2008]; *People v Varughese*, 21 AD3d 1126, 1128 [2005]; *People v McCray*, 204 AD2d 490, 491 [1994]).

We agree with the defendant that the County Court erred in allowing the prosecution, over the defendant's objection, to impeach the defendant's testimony with his failure to come forward to the police with an exculpatory version of the events, and in allowing the People to comment upon the defendant's post-arrest silence in summation (*see People v McArthur*, 101 AD3d 752, 753 [2012]; *People v Tucker*, 87 AD3d 1077, 1079 [2011]). However, since the evidence of the defendant's guilt was overwhelming, and there was no reasonable possibility that the error might have contributed to the conviction, the error was harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Skelos, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.