People v Clark (2019 NY Slip Op 02719)





People v Clark


2019 NY Slip Op 02719


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-01881
 (Ind. No. 1724/14)

[*1]The People of the State of New York, respondent, 
v
Tayquan R. Clark, appellant.


Matthew Muraskin, Port Jefferson, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Kevin C. King and Jared A. Chester of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered January 27, 2017, convicting him of murder in the second degree, attempted robbery in the first degree (two counts), and criminal possession of a weapon in the second degree (four counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree (felony murder) and related crimes based on the shooting of an individual (hereinafter the victim) on July 5, 2014, and an attempt to steal the victim's car. The defendant was also convicted of criminal possession of a weapon in the second degree based on an incident on July 26, 2014, during which the defendant approached a group of people in a threatening manner with a gun, before throwing the gun in the bushes when police officers approached. The gun found in the bushes was determined to have fired the bullet that killed the victim of the crimes committed on July 5, 2014. Fingerprint and DNA evidence linking the defendant to the shooting was also found on the victim's car, and the defendant's cell phone records placed him in the immediate area at the time of the shooting. The People also introduced into evidence a recording of certain statements made by the defendant during a telephone call from jail following his arrest.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the perpetrator of the crimes committed on July 5, 2014, beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 646).
The defendant contends that the evidence was legally insufficient to establish that he committed the crime of criminal possession of a weapon in the second degree under Penal Law § 265.03(1)(b) on July 26, 2014, on the ground that there was insufficient evidence to establish that he intended to use the gun unlawfully against another on that date. However, that contention is unpreserved for appellate review, as the defendant did not specify this ground in support of his [*2]motion to dismiss at trial (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d at 621), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d at 646).
The defendant's contention that his historical cell site location information should have been suppressed as it was purportedly obtained in violation of his Fourth Amendment rights under Carpenter v United States (__ US __, 138 S Ct 2206 [2018]), is unpreserved for appellate review (see CPL 470.05[2]). In any event, the court order authorizing the acquisition of the records made an express finding of probable cause, which was supported by the People's evidentiary showing (see People v Freitag, 148 AD2d 544, 545). Accordingly, the order "was effectively a warrant" which complied with the requirement of Carpenter (People v Sorrentino, 93 AD3d 450, 451; see People v Cutts, 62 Misc 3d 411, 415 [Sup Ct, NY County]; People v Simpson, 62 Misc 3d 374, 390 [Sup Ct, Queens County]; see also Matter of Abe A., 56 NY2d 288, 294).
The defendant waived his current contention that the Supreme Court erred in permitting the People to introduce evidence that he was incarcerated at the time of the recorded jailhouse telephone call. The defendant affirmatively sought admission of such evidence and used it in summation as part of his defense strategy to provide an alternate explanation for his statements made during the call (see People v Armstrong, 138 AD3d 877, 879; People v Holmes, 47 AD3d 946, 946; People v Blackman, 13 AD3d 640, 641).
The defendant was provided with "meaningful representation" (People v Benevento, 91 NY2d 708, 713). The defendant's disagreement with trial counsel's strategy is insufficient to establish ineffective assistance of counsel (see id. at 713; People v Rivera, 71 NY2d 705, 709). Further, counsel was not ineffective for failing to pursue arguments with little or no chance of success (see People v Caban, 5 NY3d 143, 152).
The acts underlying the defendant's convictions of criminal possession of a weapon in the second degree on July 26, 2014, were separate from the acts underlying the defendant's convictions of criminal possession of a weapon in the second degree on July 5, 2014. The acts on July 26, 2014, were "marked by an unlawful intent separate and distinct from his intent to [rob and] shoot the [decedent]" on July 5, 2014 (People v Wright, 19 NY3d 359, 367; see People v Okafore, 72 NY2d 81, 87). Accordingly, it was not error for the Supreme Court to run the sentences imposed on the defendant's convictions of criminal possession of a weapon in the second degree on July 26, 2014, consecutively to the other sentences imposed (see Penal Law § 70.25[2]; People v Brown, 80 NY2d 361, 364; cf. People v Hamilton, 4 NY3d 654, 658).
The defendant's remaining contention is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court