People v Taylor (2019 NY Slip Op 03823)





People v Taylor


2019 NY Slip Op 03823


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2015-06836
 (Ind. No. 1098/12)

[*1]The People of the State of New York, respondent,
v
Warren Taylor, appellant.


Paul Skip Laisure, New York, NY (Leila Hull of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alan D. Marrus, J.), rendered July 9, 2015, convicting him of criminal sexual act in the first degree and criminal impersonation in the first degree, upon a jury verdict, and sentencing him, as a second felony offender, to a determinate term of imprisonment of 8 years, plus 10 years of postrelease supervision, on his conviction of criminal sexual act in the first degree and an indeterminate term of imprisonment of 2 to 4 years on his conviction of criminal impersonation in the first degree, with the sentences to run consecutively to each other.
ORDERED that the judgment is modified, on the law, by providing that the sentence imposed on the conviction of criminal impersonation in the first degree shall run concurrently with the sentence imposed on the conviction of criminal sexual act in the first degree; as so modified, the judgment is affirmed.
The defendant contends that the People violated his federal constitutional right against unreasonable searches and seizures (see US Const Amend IV) by obtaining his historical cell site location information (hereinafter CSLI) without first obtaining a warrant. Although the defendant did not object on this ground to the admission of the CSLI at trial, his contention has merit and should be considered in light of the United States Supreme Court's recent holding in Carpenter v United States (_____ US _____, 138 S Ct 2206). Contrary to the People's contention, under the circumstances, the trial court's order requiring release of the CSLI under the Stored Communications Act (18 USC § 2703[d]), which order made no express finding of probable cause, was not effectively a warrant supported by probable cause (cf. People v Clark, _____ AD3d _____, 2019 NY Slip Op 02719 [2d Dept 2019]).
Further, although the defendant's contention that the People improperly introduced evidence that he invoked his rights to remain silent and to counsel is unpreserved for appellate review due to his failure to object to the challenged testimony on this basis (see People v Thompson, 125 AD3d 899; People v Folkes, 43 AD3d 956, 957), we review this contention in the interest of justice and conclude that it has merit (see People v Dashnaw, 85 AD3d 1389, 1392; People v Romero, 54 AD3d 781).
However, these errors do not require reversal. The errors, individually and cumulatively, were harmless, because the evidence of the defendant's guilt was overwhelming, and there was no reasonable possibility that the errors might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230; People v Jiles, 158 AD3d 75, 81; People v Copp, 107 AD3d 911, 912).
As the People correctly concede, because criminal sexual act in the first degree (Penal Law § 130.50[1]) constituted one of the offenses and a material element of the other offense, criminal impersonation in the first degree (Penal Law § 190.26[1]), the trial court should not have imposed consecutive sentences on these convictions (see Penal Law § 70.25[2]; People v Laureano, 87 NY2d 640, 643). Accordingly, we modify the judgment by providing that those sentences shall run concurrently with each other.
The defendant was not deprived of the effective assistance of counsel (see People v Baldi, 54 NY2d 137).
The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
SCHEINKMAN, P. J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court