People v Coleman (2023 NY Slip Op 00737)

People v Coleman

2023 NY Slip Op 00737

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Webber, J.P., Oing, González, Scarpulla, Rodriguez, JJ. 

Ind. No. 2994/18 Appeal No. 17301 Case No. 2019-04483 

[*1]The People of the State of New York, Respondent,
v
Beau Coleman, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Karl Z. Deuble of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered June 26, 2019, convicting defendant, after a nonjury trial, of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony drug offender, to concurrent terms of four years, unanimously affirmed.
Defendant's waiver of his right to counsel was knowing, intelligent and voluntary. The court conducted an extensive and thorough inquiry (see People v Crampe, 17 NY3d 469, 481-82 [2011]), which defendant does not challenge on appeal except with regard to the matter of sentencing exposure. However, the court's duty to ensure that defendant was aware of the "the range of allowable punishments" (People v Cole, 120 AD3d 72, 75 [1st Dept 2014], lv denied 24 NY3d 1082 [2014]) was satisfied, because defendant accurately acknowledged that he was facing a maximum sentence of 12 years. The court was not required to describe the consequences of a conviction with the same degree of precision as if it were accepting a guilty plea, and its inquiry on self-representation was not rendered inadequate by the absence of any mention of postrelease supervision (see United States v Fore, 169 F3d 104, 108 [2d Cir 1999], cert denied 527 US 1028 [1999]).
The court providently exercised its discretion in denying defendant's request for an adjournment on the first day of trial (see People v Singleton, 41 NY2d 402, 405 [1977]), and defendant could not have been prejudiced by the court's ruling. Defendant sought an adjournment to review the grand jury minutes. However, these minutes were only seven pages long, they had been supplied by the People to defendant a week before, and defendant was familiar with their contents because they had just been used as impeachment material at a suppression hearing at which defendant was present.
The court correctly "charged itself" with (i.e., took into consideration as nonjury trier of fact) the interested witness charge contained in the Criminal Jury Instructions. That charge is not constitutionally deficient in any respect (People v Blake, 39 AD3d 402, 403 [1st Dept 2007], lv denied 9 NY3d 873 [2007]; see also Reagan v United States, 157 US 301, 305-311 [1895]).
We have reviewed the arguments advanced in defendant's pro se supplemental brief and find them to be without merit.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023