People v Pitts (2024 NY Slip Op 02381)

People v Pitts

2024 NY Slip Op 02381

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Webber, J.P., Oing, Rodriguez, Higgitt, Michael, JJ. 

Ind. No. 1614/20 Appeal No. 2195-2195A Case No. 2022-01617, 2023-04854 

[*1]The People of the State of New York, Respondent,
v
Steven Pitts, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.

Judgment, Supreme Court, New York County (Melissa C. Jackson, J., at requests for new counsel; Ruth Pickholz, J., at jury trial and sentencing), rendered March 28, 2022, convicting defendant of assault in the second degree and assault in the third degree, and sentencing him, as a second violent felony offender, to a term of five years and time served, respectively, unanimously modified, on the law, to the extent of vacating the conviction of assault in the third degree and dismissing that count, and otherwise affirmed. Order, same court (Pickholz, J.), entered on or about September 12, 2023, which denied defendant's CPL 440.20 motion to set aside the sentence, unanimously affirmed.
The verdict convicting defendant of second-degree assault was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. The victim, who was 71 years old, testified that defendant, who was 45 years old, spat on him and punched him in the face while they were in the subway and caused him physical injuries (Penal Law § 120.05[12]). The victim's testimony was corroborated by the testimony of the responding police officer, who observed the victim bleeding, and photographs of the injuries.
The court providently exercised its discretion in denying defendant's requests for substitution of counsel. Defendant's general expressions of dissatisfaction with counsel did not constitute "specific factual allegations of serious complaints" that triggered the court's duty to make a "minimal inquiry" (People v Porto, 16 NY3d 93, 100 [2010][internal quotation marks omitted]). Although the court initially denied defendant's application without inquiry, the court later permitted defendant to voice his concerns (see People v Nelson, 7 NY3d 883, 884 [2006]). Defendant's contention that counsel failed to raise certain arguments on a pretrial motion did not provide good cause to relieve counsel (see People v Ventura, 167 AD3d 401, 401 [1st Dept 2018], lv denied 32 NY3d 1210 [2019]).
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).
Defendant's challenge to the court's interested witness charge is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see People v Blake, 39 AD3d 402, 403 [1st Dept 2007], lv denied 9 NY3d 873 [2007]).
Defendant's challenge to the constitutionality of his [*2]second violent felony offender adjudication is without merit (see Almendarez-Torres v United States, 523 US 224 [1998]; People v Leon, 10 NY3d 122, 126 [2008], cert denied 554 US 926 [2008]).
As the People concede, defendant's conviction of assault in the third degree should be vacated as an inclusory concurrent count of assault in the second degree (see CPL 300.40[3][b]; People v Zelazny, 197 AD3d 1052 [1st Dept 2021], lv denied 37 NY3d 1100 [2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024